## Reliance Coal and Coke Company, et al. v. Malvary Smith, and Workmen's Compensation Board.

(Decided December 19, 1924.)

### Appeal from Perry Circuit Court.

1.  Master and Servant—Findings of Fact by Compensation Board Final.—Findings of workmen's compensation board, in absence of fraud, on disputed questions of fact, are final and reviewable only to determine whether there is an entire absence of evidence to support them.

2.  Master and Servant—Evidence Held to Support Finding Deceased was Employe Though Deputized by Sheriff.—Evidence that deceased employe's principal employment was to maintain peace and order in mining camp held to support finding of compensation board that he met his death while acting as defendant's employe notwithstanding he was deputized by sheriff.

3.  Master and Servant—Employe Serving as Peace Officer Held Within Compensation Act Though Only Employe so Engaged.—Under Kentucky Statutes, section 4880, providing that workmen's compensation act shall apply to all employers having three or more employes regularly engaged in same occupation or business, held, that employe killed while employed principally as peace officer in mining camp was entitled to compensation, though he was the only employe so engaged.

4.  Master and Servant—Evidence Held to Sustain Finding Employe Acting as Peace Officer was Killed in Course of Employment.—Where employe whose work was largely maintaining peace and order in mining camp was killed while quieting disturbance of peace by other employes, evidence held to sustain finding that he was acting in course of his employment.

J. T. METCALF and BEVERLEY R. JOUETT for appellants.

T. E. MOORE, JR., and R. T. MOORE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an appeal from the judgment of the Perry circuit court affirming an award made by the Workmen's Compensation Board against the appellant and in favor of the appellee, the dependent wife of Will Smith, who was killed, as it is claimed, while working for appellant and by an accident arising out of and in the course of his employment.

The appellee is a mining company engaged in mining in the Hazard coal field, and has on its premises a num-

ber of employes who rent from it.  From the evidence
before the Compensation Board, it appeared that the
decedent was at the time of his death, and for a long
time prior thereto, employed in a dual capacity.  He was
a coal loader but his work in that connection for several
months prior to his death, on December 24, 1923, was
negligible.  He also performed the duties of a watchman
and preserver of the peace in appellant's camp.  The su-
perintendent of the appellant, in answer to the question
what Smith's duties were, testified as follows: ''His
duties were to keep good order in the camp as far as he
possibly could; keep down fights.''  For this the com-
pany paid him a substantial salary each month.  The su-
perintendent further testified:  ''He (meaning Smith)
didn't take any orders at all except he was hired as a
peace officer, and you see he and I would work together
in these little troubles that would come up about what
was best to be done, and if a fellow caused too much
trouble we fired him out; sometimes he would bring him
into Hazard and have him jailed.  If he was a pretty
good fellow, we would give him a chance; he acted on his
own initiative most of the time.''  The evidence showed
that the purpose of the company in having a maintainer
of the peace was to make the camp an orderly one and a
decent place within which to live.  This further question
was put to the superintendent: ''Was it the desire of the
company to have its peace officer clothed with the author-
ity of the law?'' and he answered it: ''Yes, sir.''  It fur-
ther appeared that to carry out this purpose Smith was
appointed a deputy sheriff of Perry county by the sheriff
of that county, and was such at the time of his death.
However, the sheriff who appointed Smith testified that
he did not appoint Smith as a deputy sheriff for the ap-
pellant; that he had never appointed any deputy sheriff
for any coal company; that as such deputy sheriffs, his
appointees were not employed by the coal companies;
that he employed his own deputies and paid his own dep-
uties.

On the night of December 24, 1923, Smith received
information that there was some trouble down in one of
the company's houses and that some men were down
there, probably drunk, and probably committing some
disorder.  Smith, on receiving this information, went
down, as was his duty, to this house, walked into the
room, inquired of the occupants what was the trouble,

and informed them they would have to quiet down or he would arrest them. As Smith finished speaking, one of the men in the house shot and killed him. On this evidence, the Workmen's Compensation Board found that Smith at the time of his death was an employe of the appellant and was killed while endeavoring to abate disorder in one of the houses of the appellant, this being a part of his duty for which he was employed by appellant and that hence Smith was killed by reason of an accident arising out of and in the course of his employment. It therefore awarded the appellee, his dependent widow, compensation.

Appellant insists that the compensation board in making this award, and the circuit court in affirming the same, erred, first, because Smith at the time of his death was not an employe of appellant within the meaning of the compensation act, but was acting as a deputy sheriff of Perry county; secondly, because even if Smith be held to have been an employe of appellant at the time of his death, the compensation act did not cover him, inasmuch as there were not three such employes of appellant at that time; and thirdly, because Smith was not shown to have been killed by reason of an accident arising out of and in the course of his employment. We will consider these contentions in the order named.

The findings of fact by the Workmen's Compensation Board in compensation proceedings are final as to disputed questions of fact; but, where there is no evidence on which to base the findings of such board, the award is not a finding of fact upon an issue in the evidence, but an erroneous conclusion of law upon undisputed facts, and therefore subject to review. Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842. It is also the law that where the reviewing court is unable to say that there is an entire absence of evidence to support the board's finding of facts, such finding in the absence of fraud is conclusive and not subject to review. Northeast Coal Co. v. Castle, 202 Ky. 505, 260 S. W. 336. No fraud is claimed in this case, and, therefore, the only question which confronts us is whether or not there was an entire absence of evidence to support the board's finding of facts in this case.

Appellant insists that the evidence without dispute shows that Smith at the time of his death was a public officer, a deputy sheriff, acting as such and over whom the appellant had no control; that it only employed him

as a coal loader, in which occupation it is admitted he was not engaged at the time of his death. But we do not so read the evidence. We think it clearly shows that Smith at the time of his death, and for a long time prior thereto, had been employed by the appellant to maintain good order and quiet in its camp; that he was not required by it to act strictly as a peace officer, but in large measure to exercise diplomatic functions in keeping down petty quarrels and dissensions; and that, although some technical breach of the peace might be committed in his presence, he was not expected to make arrests on all occasions as he should were he strictly a deputy sheriff, but, on the contrary, if the disturber was a "pretty good sort of a fellow" and a good workman, to try to pacify him and give him another chance. His work for appellant was a sort of a cross between that of a peace officer and that of a social service agent. That Smith might when occasion required it have a power of arrest, which as a private citizen he might not otherwise have, he was appointed, no doubt at appellant's instance, a deputy sheriff; but his public character did not remove him from the employment of appellant. At the time of his death he, as stated, went to one of the houses of appellant's to quiet an incipient breach of the peace. From the evidence, it is hightly doubtful whether as a peace officer or deputy sheriff he would have had the right to enter the house under the circumstances here disclosed. The finding of the board to the effect that he did so as appellant's employe hired for the purpose of restoring peace to troubled souls and to straighten out a quarrel before it reached the dignity of a public offense is justified by the evidence, and we cannot, under the law, question such finding. The cases cited by appellant do not militate against this view. In all of them, of which Griswold v. City of Wichita, 162 Pac. 276, L. R. A. 1918F 187, is a fair sample, the question was whether or not a person admittedly a peace officer and acting as such, was an employe of the governmental agency appointing him within the meaning of the compensation acts making such governmental agencies responsible to their employes under such acts. This is not the case here. We are not trying to define whether a peace officer acting as such is an employe of the government appointing him or is a public officer. The question before the compensation board and on which it found against appellant was whether or not Smith was its employe at the time of his

death. As the evidence justified such a finding, the finding is conclusive upon us.

Appellant next contends that, if it be held that Smith was its employe at the time of his death, inasmuch as it did not have three employes engaged in identically the same kind of work as was Smith at that time, the compensation act does not apply. Section 4880 of the Kentucky Statutes, being part of the Workmen's Compensation Act, provides that the act "shall apply to all employers having three or more employes regularly engaged in the same occupation or business, and to their employes . . . " The business of the appellant was the production of coal and it was not necessary in order that it and its employes might be within the protection of the act that it have three employes engaged in each particular part of its business. If it had three or more employes all engaged in the business of "producing coal," in the broad sense of that term, the act applied. The maintenance of peace and good will about the camp was as essential to the production of the coal as was the work of the blacksmith in sharpening tools. We therefore conclude that there is no merit in this contention of the appellant.

Lastly, it is urged that, although Smith may have been the employe of appellant at the time of his death, and as such protected by the Workmen's Compensation Act, the evidence does not show that he met his death while acting in the course of his employment and by reason of an accident which arose out of that employment. The compensation board found to the contrary. There was ample evidence to sustain its view that Smith, at the time he was killed, was acting in the course of his employment as a maintainer of the peace in appellant's camp. There was also evidence to sustain its finding that his death was caused by an accident which arose out of that employment. In this the case is closely akin to the case of the Consolidated Underwriters v. Free, 253 S. W. 941 (Tex.), where the foreman of an oil lease, whose duties were also to preserve good order on the lease, was injured in the endeavor to stop a brawl and the Texas court held that his accident arose out of his employment. There being evidence to sustain the board's finding in this case, we are precluded from reviewing it.

It is therefore ordered that the judgment of the Perry circuit court affirming the award of the compensation board be affirmed.