## Black Mountain Corporation v. Humphrey, et al.

(Decided December 1, 1925.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Finding Injury by Machinery Caused Death, Sustained.—In compensation proceeding, where deceased was a healthy young man attending to his duties ten minutes before he was found dead wound up in a wheel and belt of a conveyor which moved coal to the tipple and which he was running, finding that death occurred in the course of his employment held justifiable, in absence of any evidence to show other cause of death, such as heart disease.

2. Master and Servant—Entry of Final Judgment by Court Modifying Award, Proper.—Where compensation was awarded deceased's adopted daughter and woman claiming as his widow, a final judgment of circuit court awarding entire amount to adopted daughter

on finding of court that woman was not deceased's widow held proper, in view of Ky. Stats., section 4935, providing for appeal to the circuit court and giving court power to enter judgment affirming, modifying, or setting aside the award.

3.    Master and Servant—Failure of Court to Certify Judgment to Board, Not Fatal.—On appeal from an award of compensation board, final judgment by the circuit court should be certified to the board, but, failure to do so being a mere clerical error, may be corrected.

HALL, LEE & SNYDER for appellant.

G. G. RAWLINGS and J. S. FORESTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Joe Humphrey was an employee of the Black Mountain Corporation, engaged in running a conveyor which moved the coal to the tipple. It was his duty to keep steam in the boiler and to look after the machinery of the conveyor, and put tar on the belt to keep it from slipping. No one was in the engine room but he. He came to the door and was not seen any more for about ten minutes. When next seen he was dead, wound up in the wheel and the belt. He was lying between the wheel and the timber that the bearing of the wheel sets on, his head downward and his feet upward. He had a bruise on his right arm and was crushed in the left side above the heart, had one place on the hip that looked like a burn. The bucket he used for putting tar on the belt was setting out a few feet from where he was killed. This application was filed before the Workmen's Compensation Board. The dependents therein stated are Emma Humphrey, widow, and Grace Humphrey, adopted child, four years old. The board allowed the compensation fixed by the statute for his death and divided it equally between the widow and the adopted child. The company appealed to the circuit court. The record before the circuit court showed that Emma Humphrey had been married before and that her divorce bore date three or four months after the date of her marriage to Joe Humphrey. The circuit court entered a judgment that Emma Humphrey was not the widow of the deceased Joe Humphrey and that she take nothing and that Grace Humphrey, the adopted daughter, was a total dependent and that she recover the whole compensation as fixed by the board. From this judgment the company appeals.

It is insisted that the evidence does not show that Joe Humphrey came to his death in the course of his employment. It is said that he might have fallen from heart disease and been injured as he was. But there is nothing to show that he had heart disease. So far as appears he was a healthy young man attending to his duties as usual ten minutes before he was found dead. The case falls within the rule laid down by this court in Hollenbach v. Hollenbach, 181 Ky. 262, and Big Elkhorn Coal Co. v. Burke, 206 Ky. 489.

It is earnestly insisted that the judgment of the circuit court is unwarranted in that it entered a judgment in favor of the child instead of remanding the case to the board for the proper award to be made by it. Sec. 4935, Ky. Stats., providing for appeal to the circuit court, among other things, provides:

> "The board and each party shall have the right to appear in such review proceedings; the court shall enter judgment affirming, modifying or setting aside the order, decision or award, or in its discretion remanding the cause to the board for further proceedings in conformity with the direction of the court."

By this provision the circuit court is given a discretion to modify the order of the board or to remand the case to the board for further proceedings in conformity with the direction of the court. The circuit court did not exceed its authority in modifying the order of the board and entering a final judgment. The purpose of the statute is to secure a prompt settlement of these matters, for the dependents of the employees are often in urgent need of the compensation provided. In such cases the circuit court should certify its judgment to the board. But the omission to do this is a mere clerical error which may be corrected yet in the circuit court, and a proper order may be entered directing the judgment to be certified to the board. The substantial rights of the appellant were not prejudiced by the judgment. The application for compensation warranted the judgment in favor of the child.

Judgment affirmed.