## Harlan Wallins Coal Corporation, et al. v. Carr.

(Decided June 24, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Evidence that coal company employee, pushing car up steep grade, was taken with a pain in the side and later found to be suffering from hernia held to entitle him to compensation.

2. Master and Servant.—Workmen's Compensation Board's findings of fact are conclusive when there is some evidence to support them.

3. Master and Servant.—"Evidence," within the rule that findings of fact by Compensation Board are conclusive when supported by evidence, means something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction.

A. G. PATTERSON for appellant.

R. L. POPE and F. L. HUFF for appellee.

Opinion of the Court by Chief Justice Clay—Affirming.

Oliver Carr was an employee of the Harlan Wallins Coal Corporation. Both had accepted the provisions of the Workmen's Compensation Act (Ky. Stats., sections 4880-4987). His claim to compensation on account of a hernia was rejected by the Workmen's Compensation Board. On appeal to the Harlan circuit court, it was adjudged that he was entitled to compensation. From that judgment this appeal is prosecuted.

Appellee's evidence is as follows: On September 22, 1925, he was pushing an empty car up a steep grade. While doing this a pain struck him on the left side, causing what the doctors call a rupture or hernia. After sitting down for 10 or 15 minutes, he loaded the car. He could not work steadily on account of the pain. That evening he notified the bookkeeper and asked him to call a doctor. The doctor did not come. At that time Dr. Lewis was not in the camp. He afterwards worked on the 23rd, 24th, and 25th of September, but had considerable pain. He saw Dr. Keyler on the 26th, who told him he had a bad strain. Dr. Lewis examined him on October 4th and told him it was probably a hernia. Before the accident, he had never had any pains or swelling in his side. Dr. Lewis testified that appellee had a hernia. He first saw appellee about September 27th. Appellee said that he was having pains in his side and that the pain came while he was pushing the car. A severe strain might cause a hernia. He had seen appellee before, but if he had a hernia witness did not know it. It was dangerous for a man to work with a hernia, but many of them did. It was out of the ordinary for one who had received a rupture to continue to work for three or four days without reporting to a doctor. He could not tell whether the rupture occurred recently or when it occurred. A hernia usually appears immediately, but it might not do so. It would be impossible to say whether the hernia was due to the injury claimed by appellee or to some other cause.

The uncontradicted evidence shows that appellee had never had a hernia prior to the accident; that the pain in his side struck him for the first time when he was exerting himself in pushing the car; that men often continued to work when suffering from a hernia; and that when he was examined by the physician it was found that he had a

hernia. The physician did not give it as his professional opinion that the hernia was of long standing, or could not have been caused by the injury, or that it was attributable to any other cause. All that he said was that it was out of the ordinary for a man who had received a hernia to continue to work without reporting to a physician.

It is true that the Workmen's Compensation Board's finding of facts is conclusive when there is some evidence to support it, but by "evidence" is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction. Brent v. Fleming, 165 Ky. 356, 176 S. W. 1134; Jones v. Beckley, 173 Ky., 841, 191 S. W. 627. The statement, that it was out of the ordinary for one who had received a rupture to continue to work for three or four days without reporting to a doctor, does not come up to the requirement of this rule. It is vague and indefinite and wholly lacking in probative force. That being true, it cannot be regarded as sufficient to make an issue of fact. It follows that the Workmen's Compensation Board did not have before it any evidence tending to overcome the evidence offered by appellee. On the showing made, appellee was entitled to compensation, and the Harlan circuit court did not err in so adjudging.

Judgment affirmed.