## J. L. Smith Coal Company v. Hawkins.

(Decided December 9, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—Findings of Workmen's Compensation Board are usually conclusive, where supported by evidence, but are not conclusive, unless the evidence is of substantial value, and not merely vague, uncertain, or irrelevant matter, not carrying the quality of proof.

2. Master and Servant.—Evidence in compensation case held insufficient to support finding of Workmen's Compensation Board that of 35 per cent. disability 25 per cent. was due to injuries received in prior accident, and circuit court's refusal to find any portion of disability due to prior accident was therefore not erroneous.

SAMPSON & SAMPSON for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee was hurt while working for the appellant. It is agreed that his accident arose out of and in the course of his employment, and that he is entitled to compensation under the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987). The sole issue between the parties is as to the extent of the compensation which should be allowed him. The Compensation Board found that the appellee had suffered a 35 per cent. permanent partial disability to his body as a whole, but that of this amount 10 per cent. was due to the accident mentioned, and 25 per cent. was due to injuries he had received in a prior accident. On appeal to the circuit court, the award of the Compensation Board was set aside, and in lieu thereof

a judgment was entered adjudging that the appellee had sustained a 50 per cent. permanent partial disability, all of which was due to the accident in question. From this judgment the appellant brings this appeal.

The evidence overwhelmingly establishes that the appellee had a 35 per cent. permanent partial disability to his body as a whole, and the lower court was in error in holding it to be 50 per cent. The finding of the Compensation Board thus far was sustained by practically all of the proof in the record. The only question is whether or not there was any competent testimony to sustain the board's finding that 25 per cent. of this disability was due to a prior injury. In testing whether there was any such evidence, we must apply the rule laid down in the case of Harlan Wallins Coal Corp. v. Carr, 220 Ky. 785, 295 S. W. 1017. We there said:

> "It is true that the Workmen's Compensation Board's finding of facts is conclusive when there is some evidence to support it, but by 'evidence' is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction."

While it is true the evidence shows that the appellee had been injured in a prior accident, it also shows that he had been able to do full work as a miner after he had recovered from that accident, and even the appellant's doctors say that the X-ray showed that the fractures which he had received to certain bones of his body in the prior accident had united firmly and strongly. The only evidence in this record to establish that the first accident contributed in any respect to the condition the appellee is now in is to be found in the testimony of Dr. Cawood, who said:

> "I gave most of this disability to his first injury, because I do not see how he could have big disability due from the fracture of the transverse process."

This testimony of Dr. Cawood is in the language of the Carr case, supra, "vague and indefinite, and wholly lacking in probative force." With it eliminated or disregarded, there was nothing in the record to show that any part of the appellee's present disability was due to

the former accident, and the finding of the Compensation Board to the effect that 25 per cent. of the present disability was due to the former accident is without support. The lower court, therefore, did not err in declining to apportion any part of the present disability to the former accident, but it did err in raising the percentage of disability from 35 per cent. to 50 per cent. Its judgment is therefore reversed, with instructions to enter a judgment in conformity with this opinion.