## Moore v. Louisville Hydroelectric Company, et al.

(Decided March 23, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Trial.—Litigants are not permitted to experiment with the tribunal trying their case, and have case reopened for further experiment if the result is not satisfactory.

2. Master and Servant.—In compensation proceedings refusal of Compensation Board to reopen case to hear physician's testimony was not error under Workmen's Compensation Act, sec. 21 (Ky. Stats., sec. 4902), where no change of conditions, mistake, or fraud was alleged, and no reason shown why doctor was not called as witness at original hearing.

3. Master and Servant.—Findings of fact by Workmen's Compensation Board in compensation proceedings are conclusive on the courts if supported by any evidence.

4. Master and Servant.—In proceedings under Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq., as amended), finding of Compensation Board that workman's claim for hernia as result of rock falling upon his leg was an afterthought and not compensable held not sustained by evidence, where based merely on omission of reference thereto in report of doctor, who diagnosed case as hernia both before and after time report was made.

ROBERT HUBBARD for appellant.

FRED FORCHT and ELI BERRY for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is an appeal from a judgment of the Jefferson circuit court affirming the action of the Workmen's Compensation Board in denying compensation to James Moore for an injury alleged to have been suffered by him

in the course of his employment by the Louisville Hydro-electric Company.

Moore was employed by the appellee corporation, and claimed he was injured on May 12, 1926, by a large rock which he, assisted by another workman, was carrying, when it split and fell upon his leg. He testified that all the weight of the rock fell upon his leg and injured the shin bone and caused a hurting in his right side over the groin. He returned to work the next day and was discharged.

On the 15th day of May, he consulted Dr. Isaac T. Houck, who testified that he examined Moore and found an infected sore on the tibia bone. He further said that Moore was complaining of a pain radiating from his right groin and extending all the way down his leg, which he diagnosed as an inguinal hernia.

On June 7, 1926, application for compensation was made to the Workmen's Compensation Board, and in the application Moore described the nature of his injury as a hernia from lifting and a bruise on the right lower limb above the ankle which had infection. The case was heard by a member of the board and resulted in a finding of temporary total disability from May 12 to June 10, and a denial of compensation for the hernia because it was not referred to in the report of the doctor and was therefore an afterthought. The full board affirmed the finding.

Application was then made for a reopening of the case to take the testimony of Dr. Hancock, who had examined Moore in June or July previously. This request was denied, and a petition for review was filed in the Jefferson circuit court, resulting in an affirmance of the action of the board.

There was no error in sustaining the finding of the Workmen's Compensation Board that notice of the injury was sufficient, as there was evidence to that effect.

The court was also correct in refusing to require the board to re-open the case to hear the testimony of Dr. Hancock. There was no change of conditions, mistake, or fraud alleged, and section 21 of act (Kentucky Statutes, sec. 4902) authorized the board, upon its own motion or upon application, to make a change only upon such facts being shown. The appellant and his counsel knew that Dr. Hancock had made the examination, and they were at liberty to call him as a witness at the original hearing, when the appellee company failed to do so. Liti-

gants are not permitted to experiment with the tribunal trying their cases, and, if the result is not satisfactory, have the case reopened for further experiment. No showing was made as to the substance of the evidence, or why it was not introduced at the hearing.

There remains for consideration the question whether there was any evidence to sustain the finding of the board that the claim for hernia was an afterthought and not a compensable injury. The only evidence relating to the hernia was that by the claimant and Dr. Houck.

Several of the workmen testified that, when the accident occurred, Moore complained only of the injury to his leg, but his physician testifies positively that he complained of the pain over his groin and down his leg which was found to be hernia. The doctor found him suffering from that condition, and stated that it totally disabled him from performing manual labor.

Moore testified that prior to the present accident he was perfectly sound, and had never before had any occasion to consult a physician.

The finding of the board is based expressly and solely on the inference "that the hernia was not the result of the accident, as the report of the doctor does not refer to it, showing the hernia is an afterthought." The report referred to is a letter of July 7, from Dr. Houck to the appellee company, in which he stated that he treated James Moore ten times for infected bone and flesh ulcer on the tibia bone due to a rock falling on it. No mention was made in that letter of any hernia. But Moore on his first visit had told the doctor of the pain which the physician attributed to hernia, it was asserted as a ground of compensation in his petition filed with the board on June 7, and the doctor explained it fully in his certificate of August 3d, to the injured man.

The circuit court expressly found that the circumstance referred to was sufficient to sustain the finding of the board. No other evidence has been called to our attention, and we have found none in the record, to indicate that the hernia does not exist or was not caused by the accident in question.

It is the accepted rule that a finding of facts by the Workmen's Compensation Board is conclusive on the courts, if there is any evidence to support it.

But by evidence is meant something of substance and relevant consequence, and not vague or irrelevant matter

not carrying the quality of proof or having fitness to induce conviction. Harlan Wallins Coal Corp. v. Carr, 220 Ky. 785, 295 S. W. 1017.

The circumstances here relied upon as the sole basis of the finding by the board is a mere omission or oversight of the attending physician to state in a letter an important fact which he had previously stated and subsequently reaffirmed. The omission of the doctor is not substantive evidence at all, and certainly did not sustain a finding that the fact omitted from the letter did not exist or that it was an afterthought of the claimant, in the face of the petition asserting it and the very positive and uncontradicted testimony supporting the assertion.

We are of the opinion that there was no evidence in the record to support the finding of the board in the particular involved, and that compensation should have been allowed appellant for the hernia.

The judgment is reversed for further proceedings consistent with this opinion.