## Layman Calloway Coal Company v. Miracle, et al.

(Decided May 11, 1928.)

### Appeal from Bell Circuit Court.

1. Master and Servant.—Finding of fact by Workmen's Compensation Board, if supported by any evidence, may not be disturbed by circuit court or Court of Appeals.

2. Master and Servant.—Evidence held to support finding of Workmen's Compensation Board that claimants were 20 per cent. dependent on deceased employee for their support, within Workmen's Compensation Law (Ky. Stats., sec. 4893, subsecs. 2, 3), and circuit court was therefore without authority to reverse award and allow claimants 50 per cent. dependency.

V. C. McDONALD for appellant.

W. T. DAVIS for appellees.

Opinion of the Court by Commissioner Wheeler— Reversing.

Clifford Miracle, 18 years of age at the time of his death, a son of appellee M. C. Miracle, and a brother to Oscar, Minnie, Mossie L., Agnes, and Magdoline Miracle, was killed February 10, 1926, while working in the coal mines of the appellant, Layman Calloway Coal Company. After his death application for adjustment of claim was filed before the Workmen's Compensation Board by the appellees herein, M. C. Miracle, on behalf of himself and brothers and sisters of deceased as above named, claiming they were partial dependents of the

deceased and entitled to compensation by reason of his death.

The evidence was heard at Pineville, Ky., it being stipulated by the parties at the time that the decedent and the appellant herein were entitled to the benefits of the Workmen's Compensation Law (Ky. Stats., secs. 4880-4987), and that the only question presented for consideration was the average weekly wages of the deceased employee, Clifford Miracle, and the question of dependency of claimants herein, and upon these two questions the evidence was taken, and, after being completed, the same was submitted to the Compensation Board for trial and was heard before Joseph M. Lee, a member thereof, and an award entered by him on the 7th day of December, 1926, as follows:

"This case coming on to be heard and the Workmen's Compensation Board being sufficiently advised, it is adjudged that M. C. Miracle, for the use and benefit of himself and Oscar, Minnie, Mossie L., Agnes, and Magdoline Miracle, recover from the defendant the Layman Calloway Coal Company, the sum of $1.56 per week for 335 weeks, together with 6 per cent. interest on all past-due payments and funeral bills of the deceased, Clifford Miracle, not to exceed the sum of $75, and such medical bills as were incurred not to exceed the sum of $100."

On December 10, 1926, the claimants duly filed their motion for a review of the foregoing award by the full board, and, the same being granted and submitted, was, on December 21, 1926, upheld by the full board, and the appellees herein, being dissatisfied with the award made by the board, thereafter duly and regularly filed its petition in the Bell circuit court against the appellant, Layman Calloway Coal Company, and the Workmen's Compensation Board, in which they asked that the award be set aside, and that claimants be allowed $9 per week for 335 weeks and medical bills and funeral expenses in the sum of $175, alleging: (1) The Workmen's Compensation Board acted without and in excess of its powers. (2) The order, decision, and award are not in conformity with the provisions of the Kentucky Workmen's Compensation Act; the finding of facts of the Workmen's Compensation Board do not support the order or award. And, the cause coming on to be heard in the Bell circuit court, a judgment was rendered therein, reversing the

award rendered by the Compensation Board and fixing the dependency of claimants at 50 per cent. instead of 20 per cent. dependency, and from that judgment this appeal is prosecuted.

Section 4893, subsec. 3, of Kentucky Statutes, relating to partial dependency, is:

"If there are partly dependent persons the payments shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident to the employe may be proportionate to total dependency, all such payments to be made for the period between the date of death and 335 weeks after the date of the accident to the deceased employe, or until the intervening termination of dependency, but in no case to exceed in the aggregate of compensation on account of such death the maximum sum of four thousand ($4,000) dollars. Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury; if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder."

It will be observed from reading of the foregoing statute that it was incumbent on claimants to show dependency on the deceased and the extent of their dependency. It was also necessary to show the earnings of the deceased so as to determine the amount contributed by him, if anything, to the support of claimants.

The board found from the evidence that the deceased was earning at the time of his death $12 per week and that claimants were entitled to 20 per cent. of the earnings of the decedent, which equal $1.56 per week for 335 weeks (Kentucky Statutes, sec. 4893, subsec. 2); but on appeal to the circuit court the partial dependency was increased to 50 per cent., or $3.90 per week for a period of 335 weeks, together with doctor bills and funeral expenses not exceeding $175.

The finding of the board of the earnings of the deceased at $12 per week is not complained of on the appeal and was not disturbed by the circuit court. The only question left for consideration is whether the Workmen's

Compensation Board had any substantial evidence upon which to base its finding that the claimants were entitled to 20 per cent. partial dependency on deceased, and if it had evidence before it sufficient to substantiate its finding. This court, as well as the circuit court, is without authority to reverse a finding of fact by the board; that is, when there is any evidence to support it. In J. L. Smith Coal Co. v. Hawkins, 222 Ky. 284, 300 S. W. 609, approving what was said in case of Harlan-Wallins Coal Corporation v. Carr, 220 Ky. 785, 295 S. W. 1017, we said:

"It is true that the Workmen's Compensation Board's finding of facts is conclusive when there is some evidence to support it, but by 'evidence' is meant something of substance and relevant consequence, and not vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction."

It will be seen from the foregoing that, if there was any evidence to uphold the finding of the board, the court is without authority to disturb the finding. Northeast Coal Co. v. Castle, 202 Ky. 505, 260 S. W. 336, wherein it is said that the findings of fact are conclusive unless there is an entire absence of evidence to support them. Andrews Steel Co. v. McDermott, 192 Ky. 679, 234 S. W. 275.

The claimant, M. C. Miracle (father of deceased), testified that the earnings of himself and the deceased herein went chiefly to the support of his (witness') family; the deceased being a member thereof.

His testimony further discloses that the family consisted of ten, being himself, the deceased, and the brothers and sisters above named, as claimants herein, and witness' wife (stepmother of deceased) and two stepchildren of witness. All lived in the same household and received their support from the wages of the witness and decedent, who worked together.

From above statement, it will be seen that there are three persons to whom the combined earnings of witness and the decedent went to help support instead of its being confined to claimants alone, and the deceased, of course, was compelled to, and did of necessity, pay his own personal expenses out of his wages. It appears that the family of ten lived there in the same household, and the three last above named, together with the deceased,

making four in number who received at least a part of the wages of decedent, other than claimants herein. According to testimony of claimants, and taking into further consideration the personal expenses of decedent and deducting the same from his earnings, and it appearing that the balance of his earnings were used to support claimants, we are therefore unable to say that there was no evidence upon which the Compensation Board could base its finding, and the opinion above quoted holds that, if there is any evidence to sustain the finding of the board, it will not be disturbed. Harlan-Wallins Coal Corporation et al. v. Carr, 220 Ky. 785, 295 S. W. 1017; Brent v. Fleming, 165 Ky. 356, 176 S. W. 1134; Jones v. Beckley, 173 Ky. 831, 191 S. W. 627.

The testimony of the plaintiff is very indefinite and uncertain as to the amount contributed by deceased to the support of claimants, but we cannot say that there was no competent evidence from which the board could reach its conclusion that claimants herein were 20 per cent. dependent upon the deceased for their support, and under the rules of the Compensation Act, as heretofore construed by this court, the findings of fact by the Compensation Board will not be disturbed if there is any evidence to uphold it.

It follows that the circuit court was without authority to reverse the award of said board and the judgment entered herein, allowing claimants 50 per cent. dependency, is reversed, with directions to enter a judgment affirming the award entered by the board.