## Harvey Coal Corporation v. Pappas et al.

(Decided June 18, 1929.)

109

JESSE MORGAN and F. J. EVERSOLE for appellant.

B. P. WOOTTON, E. C. WOOTON and D. G. BOLEYN for appellee.

Opinion of the Court by Judge Logan—Affirming.

The Workmen's Compensation Board made an award in favor of Jim Pappas, the appellee, for $6,000 as compensation for a permanent injury received by him while working for appellant, which injury resulted in his total blindness. The award was first made by one of the members of the board, and was thereafter, upon motion of the appellant, reviewed by the full board and the conclusion of the single member approved. Appellant filed a petition for review in the Perry circuit court, and, upon a consideration of the record, that court sustained the award. Appellant has brought the record to this court, insisting the judgment of the Perry circuit court should be set aside, for the reason that (1) the board acted in excess of its authority in making the award; (2) that the award was procured by fraud practiced on appellant before the board; (3) that the award was not in conformity with the provisions of the law; (4) that the facts do not support the award; (5) that the finding of fact on the part of the board is flagrantly against, and contrary to,

the evidence; (6) that there is no evidence to support the award.

There is no evidence of fraud practiced by any one; the question before this court is, not whether the award is sustained by the evidence, but rather whether there was any evidence tending to support the award. This court will not consider the question whether the findings of the board are palpably or flagrantly against the evidence. We will only determine that there is evidence to support the findings, or that there is not any evidence to support the findings. It is not our province to weigh the evidence in such cases.

What has been said disposes of the grounds urged for reversal, except that the board acted in excess of its authority, and not in conformity, with the provisions of the law, and the further ground that there was no evidence before the board to support the award.

As we understand the contention made by appellant, it is insisting that the blindness of appellee is attributable to a disease existing prior to the injury, and that the blindness was not caused by his injury. Disability caused by a pre-existing disease is not compensable under the law. Wallins Creek Collieries Co. v. Cole, 218 Ky. 116, 290 S. W. 1049; Wallins Creek Collieries Co. v. Williams, 211 Ky. 200, 277 S. W. 234. The burden is on the claimant to prove that his disability is the result of an injury received by him while engaged in the performance of some duty for his employer. If the evidence introduced by the appellee in this case showed that his blindness was brought about as the result of the injury which he received, he met that burden. The burden of proof in a case like this has a different meaning from the burden in other cases; that is, in cases where a plaintiff must sustain his claim by the weight of the evidence. All that is required to meet the burden in a case such as this is for the claimant to show that the disability was caused by the injury, if the Compensation Board makes him an award on the evidence so produced. It makes no difference how much the evidence may preponderate against the claimant so far as the courts are concerned, if the Compensation Board made an award on the claimant's evidence. The finding of facts by the Workmen's Compensation Board is conclusive, where there is any evidence to support the finding. The evidence must amount to something of relevant consequence, and it must not consist of mere vague, uncertain, or irrelevant mat-

ter, not carrying the quality of proof or having fitness to induce conviction. Brent v. Fleming, 165 Ky. 356, 176 S. W. 1134; Jones v. Beckley, 173 Ky. 831, 191 S. W. 627; Harlan Wallins Coal Corporation et al. v. Carr, 220 Ky. 785, 295 S. W. 1017.

When the claimant produces evidence which would authorize the Compensation Board to make an award, if no other evidence was introduced, courts are not authorized to set aside that award, however much the evidence introduced by the employer may preponderate against the claimant. We do not mean by this that the Compensation Board is authorized to believe evidence by a claimant which, according to the very nature of things, could not be true.

Appellee was injured by falling slate in a mine. It fell on him and covered him up. He was rescued by his fellow employes. Prior to this injury he had been a strong, vigorous man, without any defect in his sense of seeing. His injuries were serious, and he was confined to his bed for ten days or more. Within a few days after his injury he discovered that his eyesight was seriously affected. It grew rapidly worse, and within a few weeks he was almost totally blind, and within a few months he was wholly so. When he was examined by a physician on December 3, 1927, which was within less than two months after the accident, it was found that the optic disc in one eye was well bleached out and showed cupping with the lainna cribrosa plainly visible. The margins of the disc were well defined, and showed a dipping downward into the cupping of the optic disc. At this time the doctor found that the other eye was similarly affected, but the disease was not so well advanced. The vision of one of the eyes had been greatly reduced, and the vision of the other was very greatly impaired. It is true that this physician, along with six or seven others, testified that the trouble with his eyes could not be attributed to the injury because of the well-advanced optic atrophy in such a short time following the injury. These physicians testified as experts, and gave it as their opinion that the blindness of appellee was attributable to optic atrophy, which existed prior to the date of the injury. It would serve no useful purpose to attempt to set out the scientific reasons given by these physicians for their opinions. It is sufficient to say that two or three physicians testified that the injury could produce, and probably did pro-

duce, the blindness. When a man who has been in perfect physical health without any impairment of any of his organs, for many years, receives a severe injury, and immediately thereafter an impairment is discoverable, it is evidence that the injury produced the impairment, and there was an abundance of evidence of nonexperts establishing these facts. When these facts established by nonexperts are supported by the testimony of a number of physicians, although the number may not be as great as the number who testified to the contrary, a court cannot say that there was no evidence to support the finding of fact by the board.

Appellant contends that an award which is authorized by section 4897, Ky. Stats., shall not exceed 65 per cent. of the average weekly earnings of the employe, and shall not exceed $15, and that the total award shall not exceed $6,000. It is argued that there was no evidence to show that the average weekly wages of appellee were sufficient to authorize an award of $15 a week. Appellee was paid by the output; that is, the amount of his compensation depended upon the tonnage of coal mined by him. He had been working regularly for several years. He testified that his daily compensation ran from $5 to $7, and that he usually worked six days a week. The appellant selects certain weeks and parts of weeks when appellee was engaged in his work, and attempts to show by the books of the company that his average earnings were not sufficient to authorize the award which was made. The books are not conclusive, although they are evidence of the highest order. Taking the evidence obtainable from the books as a whole, we are unwilling to say that the books show that appellee was not earning a weekly wage sufficient to uphold the award. Appellee testified that his earnings on the average were about $5 a day, and that he usually worked six days. This was evidence as to his average weekly earnings. The witness who produced the books and testified from them does not attempt to say that they are conclusive as to the average weekly earnings of appellee. There was evidence before the board supporting the contention of appellee that his average weekly earnings were sufficient to authorize the award which was made by the board.

Judgment affirmed.