## Broadway & Fourth Avenue Realty Company v. Metcalfe.

(Decided October 8, 1929.)

FRED FORCHT for appellant.

HUBBARD & HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Appellant seeks reversal of a judgment in favor of Will Metcalfe rendered by the circuit court upon a review of the action of the Workmen's Compensation Board in a case instituted by him. Metcalfe was a hod carrier in the employ of the appellant and both parties had accepted the Workmen's Compensation Law. (Ky. Stats., sec. 4880 et seq.) Metcalfe fell from the fourth or fifth story of a building, a distance of some 60 feet, and was seriously injured. He was paid compensation for 20 weeks, when he was discharged by the doctor as cured and denied further payment of compensation. He immediately applied to the Workmen's Compensation Board for an award of compensation for total disability. A hearing was had resulting in dismissal of the claim. The

order of the board stated that Metcalfe had a remarkable escape from death, and recited that "all the surgeons agree that the only injury he sustained was a fracture of the transverse process, right side of the lumbar vertebrae, with nonunion. This injury must not be confused with a fracture of the vertebrae. The transverse process is the bony substance that protrudes from the vertebrae of the backbone and it is of little use so far as the functioning of the spinal column is concerned. The overwhelming weight of the testimony showed that the injury was not serious and should not cause any disability." Upon this summary statement the board dismissed the application for adjustment of the claim. An appeal was prosecuted to the circuit court, where a hearing was had, which resulted in remanding the case to the board for further proof. Additional proof was heard, and the board found simply that its former order should stand. It did not amplify its previous statement. The case was again appealed to the circuit court, resulting in a reversal of the board's ruling. The circuit court directed that compensation be allowed for 333 weeks, less the 20 weeks for which he had been paid. The present appeal is from the final judgment, and it is insisted that: (a) The circuit court erred in remanding the first appeal, and (b) in reversing the result reached by the board.

1. It is argued here that the circuit court was without power or precedent to remand the case to the Workmen's Compensation Board for the purpose of supplementing the evidence or requiring a new decision. The review is limited, it is urged, and the power of the court circumscribed by section 4935, Ky. Statutes, which provides:

"No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of this act and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record or abstract thereof as certified by the board and shall dispose of the cause in summary manner, its review being limited to determining whether or not:

"(1) The board acted without or in excess of its powers.

"(2) The order, decision or award was procured by fraud.

"(3) The order, decision or award is not in conformity to the provisions of this act.

"(4) If findings of fact are in issue, whether such findings of fact support the order, decision or award."

Manifestly these provisions do not forbid a remand of the case for further proof, if the facts are not satisfactorily developed. No new or additional evidence may be introduced in the circuit court, and if the board could not be authorized to amplify its finding or permitted to hear additional evidence, great injustice might be inflicted. But the further provision of the statute removes the question from the domain of doubt. It expressly invests the court with a discretion to remand the case to the board for further proceedings in conformity to the judgment of the court. The language is: "The board and each party shall have the right to appear in such review proceedings; the court shall enter judgment affirming, modifying or setting aside the order, decision or award, or in its discretion remanding the cause to the board for further proceedings in conformity with the direction of the court. The court may, in advance of judgment and upon a sufficient showing of fact, remand the cause to the board." Section 4935, Ky. Stats.

It will thus be seen that there is express statutory authority for the order of the court, and we find ample precedent to support the practice. South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493; B. F. Avery & Sons v. Carter, 205 Ky. 549, 266 S. W. 50; Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405.

The court, on the first appeal, might have modified the order without remanding the case (Black Mountain Coal Corp. v. Humphrey, 211 Ky. 533, 277 S. W. 833), but the action taken was justified by the state of the record.

2. The Workmen's Compensation Board is an administrative agency "appointed by law and informed by experience" to find the facts of each case submitted to it and to apply the law to those facts in accordance with the provisions and to effectuate the purpose of the statute. We have adhered to the rule that a finding of fact by the board will not be disturbed if there is any evidence to sustain it (Darby Harlan Coal Co. v. Fee, 214 Ky. 470, 283 S. W. 438; Coleman Mining Co. v. Wicks, 213 Ky. 134, 280 S. W. 936; Wallins Creek Collieries Co.

v. Cole, 218 Ky. 116, 290 S. W. 1049; Rusch v. Louisville Water Co., 193 Ky. 698, 237 S. W. 389; Employers' Liability Assurance Corp. v. Gardner, 204 Ky. 216, 263 S. W. 743; Harvey Coal Corp. v. Pappas, 230 Ky. 108, 18 S. W. (2d) 958), but the board may not make a finding of fact without competent evidence (Valentine v. Weaver, 191 Ky. 37, 228 S. W. 1036; Consolidated Coal Co. v. Ratliff, 217 Ky. 103, 288 S. W. 1057; Harlan Wallins Coal Co. v. Carr, 220 Ky. 785, 295 S. W. 1017; J. L. Smith Coal Co. v. Hawkins, 222 Ky. 284, 300 S. W. 609), and a finding of facts without legal efficacy or probative value will not sustain a judgment. Moore v. Louisville Hydroelectric Co., 223 Ky. 710, 4 S. W. (2d) 701; Cf. Interstate Commerce Comm. v. U. P. R. R. Co., 222 U. S. 541, 32 S. Ct. 108, 56 L. Ed. 308; Florida E. C. Ry. v. U. S., 234 U. S. 167, 34 S. Ct. 867, 58 L. Ed. 1267; Interstate Commerce Comm. v. L. & N. R. Co., 227 U. S. 88, 33 S. Ct. 185, 57 L. Ed. 431; Central R. R. Co. v. U. S. 257 U. S. 247, 42 S. Ct. 80, 66 L. Ed. 217. In passing upon cases where it has been necessary to apply these principles, we have defined evidence to mean something of substance and relevant consequence, and not vague or irrelevant matter not carrying the quality of proof or having fitness to induce conviction. Harlan Wallins Coal Co. v. Carr, 220 Ky. 785, 295 S. W. 1017; Harvey Coal Corp. v. Pappas, 230 Ky. 108, 18 S. W. (2d) 958; Moore v. Louisville Hydro-electric Co., 223 Ky. 710, 4 S. W. (2d) 701.

The board will not be permitted to immunize its orders against an effective review of erroneous conclusions of law by disguising them as findings of fact, or by failure to make the essential findings of fact from the evidence. South Mountain Coal Co. v. Haddix, 213 Ky. 569, 281 S. W. 493. Where the facts are undisputed, the conclusion legally to be deduced therefrom is a matter of law to be determined ultimately by the courts. Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky. 381, 295 S. W. 464; Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S. W. (2d) 199; Raponi v. Consolidation Coal Co., 224 Ky. 167, 5 S. W. (2d) 1043; Melcroft Coal Co. v. Hicks, 224 Ky. 173, 5 S. W. (2d) 1049. If a legal conclusion of the board is erroneous, it is not a finding of fact, but an exercise of judgment which may be corrected by the court. Bates & Rogers Constr. Co. v. Allen, 183 Ky. 815, 210 S. W. 467; Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 255 S. W. 842; Reliance Coal Co. v. Smith,

206 Ky. 320, 266 S. W. 1094; Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142; Hazelwood v. Standard Sanitary Mfg. Co., 208 Ky. 618, 271 S. W. 687. With these settled principles in mind, we come to consider the finding of the board in the present case. The recital of the board's order is plainly a finding that Metcalfe was hurt. In fact, it could not be otherwise because the evidence is conclusive that the condition of his spine, as described in the finding of the board, existed. The uncontradicted testimony described it and the radiographs disclosed it. The doctors that advert to the subject all testify relative to the fracture. One of them called it an anomaly, and some of them thought it should not cause disability. The board stated that it ought not to cause disability, but the fact remains that the fracture of the transverse process with nonunion was present and resulted in the total disability of Metcalfe. Dr. Bizot said it looked more like a separation than a fracture and was perhaps nonunited, but he did not deny that there was a fracture which had not united. The separation to which he referred is explained by the other doctors as a harmless thing which sometimes happens to a person while young and continues throughout life; but the condition from which Metcalfe suffered was not such a separation of the transverse process in the joint, but a fracture plainly visible in the radiograph and which resulted in totally disabling Metcalfe from the performance of manual labor. The evidence of the experts relating to the other injuries of Metcalfe which had healed does not contradict the evidence showing the present condition of his spinal processes.

It follows that the circuit court was right in rendering the judgment it did on the undisputed evidence. The recital of the board's order afforded no support for the judgment rendered by it, but authorized the judgment rendered by the court. The judgment properly allowed compensation for the full statutory period, since the condition appeared to be permanent; but if Metcalfe's condition should improve, provision is made by the judgment itself for the reopening of the matter as justice might require.

The judgment is affirmed.