## Blue Diamond Coal Co. et al. v. Phillips.

November 8, 1946.

Rehearing denied Feb. 11, 1947.

Craft & Stanfill for appellants.

Courtney C. Wells for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

On January 30, 1942, the appellee Phillips sustained an injury to his head and right eye in the course of his employment with the appellant Blue Diamond Coal Company. Application for adjustment of his claim was filed with the Workmen's Compensation Board. On February 2, 1943, a referee of the board awarded Phillips the maximum compensation for total and permanent disability. This award was approved by the full board on March 16, 1943, and affirmed by the circuit court on June 16, 1943.

On January 25, 1944, the employer filed a motion to reopen the case, asking that the award of March 16, 1943, be set aside because of a change in the physical condition of the appellee. The case was assigned for a hearing pursuant to Section 342.125, KRS. Upon the evidence produced in support of the motion the board set aside the award for permanent and total disability and held that the appellee was totally disabled from the date of his injury to January 25, 1944, but that by that date the improvement in his condition was such that the extent of his disability was only 25%.

On a review of this award the circuit court, on February 5, 1946, entered a judgment remanding the cause to the board, with directions to set aside the last award and reinstate the original award of March 16, 1943, from which judgment this appeal was granted.

Shortly after the appellant filed its motion to reopen the case it took the deposition of the appellee as if under cross-examination. In that deposition appellee admitted that he was employed by the Cadillac Motor Company at Detroit in May 1943. Prior to that time he had been employed by Bryant and Detwieler Construction Company and Kelsey-Hays Wheel Company. No physical examination was given him before he was employed by the construction company and he was given only a superficial examination before employment at the wheel company. However, when he applied for work at the Cadillac Motor Company he was required to and did submit to a thorough physical examination. It appears from this deposition that the medical examiner for the Cadillac Motor Company passed him for work as a precision borer and ream man and that he worked regularly at his job earning and receiving increases in his wages until at the time his deposition was given he was earning $1.22 per hour for eight hours work a day, and time and a half for overtime.

The appellant also took the depositions of Joseph E. Heckert, John Slean, and Dr. Frederick J. Roberts.

Heckert is a foreman in the Aircraft Division of the Cadillac Motor Company and the appellee worked in his crew. He testified that Phillips' first work was upon a boring machine and that the work he did and had been

doing for about eight months required him to bore an average of 126 crank pins per day and that he would be required to lift six boring bars for each crank shaft for the purpose of changing them. These boring bars weighed 20 to 22 pounds each, and Phillips averaged 20 to 21 crank shafts per day, so that during the course of a day he would lift on an average about 2400 pounds. In adjusting his tools in a vise and in checking the bores on the finishing bars there was a close tolerance to 2/2000ths of an inch, and this checking was done by appellee. He also testified that Phillips often worked overtime, was a satisfactory worker on both straight and overtime work, and that his work was entirely satisfactory to him as a foreman, and his performance that of an average worker.

John Slean is supervisor of the pay rolls of the Cadillac Motor Company. His testimony, with the exhibits filed therewith, shows that Phillips was originally employed at 94c per hour; on June 7, 1943, he was increased to 99c per hour; on August 3, 1943, to $1.04 per hour; on August 30, 1943, to $1.09 per hour; on September 27, 1943, to $1.12 per hour, and on December 13, 1943, and February 21, 1944, his wages were again increased until he received $1.22 per hour.

Dr. Roberts is the medical examiner for the Cadillac Motor Company, and on May 5, 1943, made a physical examination of Phillips for the purpose of determining his physical fitness for work. His testimony reveals that Phillips' left eye was normal, that he had 20/60 vision in the right eye, and that he was otherwise normal when the loss of the first finger of his left hand at the distal joint was disregarded. His examination disclosed that Phillips had an appendectomy scar and a scar on his forehead. This examination convinced the doctor that Phillips was able to work at the plant and he so certified him. In detailing the nature of the physical examination Dr. Roberts testified that he stripped Phillips and examined him with reference to scars and deformities, examined his nose, throat, teeth, chest, heart, abdomen—a complete physical examination outside of blood work, and that a blood test for syphilis was also made. From that examination the doctor formed an opinion as to the type of work Phillips should do.

It appears from the doctor's deposition that the eye examination was not given by him but by a nurse, and his testimony with respect to such examination was objected to as hearsay evidence. We are not required to pass upon the merits of this objection since it will not be necessary to consider that particular testimony in determining the issues herein.

The appellee introduced no testimony at the hearing on the motion to reopen the case but relied on the evidence which was introduced at the original hearing. This evidence included the testimony of Dr. J. C. Coldiron, a physician and surgeon of Hazard, Dr. J. Campbell Thompson, an X-ray specialist of Lexington, Dr. W. M. Offutt, an opthalmologist of Lexington, Dr. Thomas A. Wever, a neurological surgeon of Cincinnati, Dr. Frank Jelsma, of Louisville, and others. Drs. Thompson, Wever, and Coldiron testified that in their opinion the appellee was totally and permanently disabled, and this testimony was, of course, amply sufficient to support the finding of the board in its first award to the effect that Phillips was permanently and totally disabled.

The question presented to us is whether there is sufficient evidence in the entire record to support the present finding of the board that there has been a change in the physical condition of the appellee for the better so that the disability does not now exceed 25%. If there is any evidence of probative value to support this finding it is binding upon the courts. Broadway & Fourth Avenue Realty Company v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988; Broughton's Adm'r v. Congleton Lumber Co., 235 Ky. 534, 31 S. W. 2d 903, and many other cases.

In support of the correctness of the circuit court's reversal of the board's award it is urged that the board failed to consider the medical testimony introduced on the original hearing. However, the board's award shows that the entire record was reviewed, as it must have necessarily been in order to determine whether a change in appellee's physical condition had taken place.

In considering whether there is any substantial evidence to support the last award of the board we may consider the testimony relating to the present occupation of Phillips, the amount of his earnings, the physical exam-

ination given him before he was employed by the Cadillac Motor Company, and the type of work he has been doing. That Phillips is able to perform the work which he did for the motor company and is able to earn as much as $1.22 per hour in competition with men who were not injured seems to us to substantiate the finding of the board as to the change in the physical condition of appellee. Of course the mere fact that an employee is able to do and does perform light work does not justify a reduction in an award for total and permanent disability. Total disability, within the meaning of the applicable statute, does not mean helplessness or entire physical disability, but we can not escape the fact that the best evidence of a man's ability to perform labor is the fact that he is performing such labor. The appellee's own testimony, the testimony of his foreman, and the records of his employer show the nature and extent of his regular employment. In addition to this the testimony of Dr. Roberts must be considered in determining whether there had been a change in the appellee's physical condition between the time of the first award and the date the application to reopen the case was made.

We have referred in some detail to the evidence introduced in support of the claim that appellee's physical condition has changed for the better, and in our opinion this evidence is sufficient to support the board's finding of May 15, 1945. Certainly it can not be said there is no substantial evidence to support that finding, which we would be required to say in order to affirm the judgment of the circuit court. It follows that the judgment appealed from is erroneous and it is reversed for proceedings consistent with this opinion.

Reversed.