BROWNING MANUFACTURING
DIVISION et al., Appellants,

v.

Frank E. PAULUS et al., Appellees.

Supreme Court of Kentucky.

July 2, 1976.

J. Kirk Clarke, Maysville, Robert G. Hunt, King, Deep & Branaman, Henderson, for appellants.

William C. Jacobs, Lexington, for appellee Frank E. Paulus.

STERNBERG, Justice.

This is a workmen's compensation case. The Board dismissed the application of Frank E. Paulus for adjustment of claim. On appeal to the Mason Circuit Court the judge remanded the cause to the Board for further proceedings. The employer, Browning Manufacturing Division, Emerson Electric Company (Browning), and its workmen's compensation insurance carrier, Liberty Mutual Insurance Company (Liber-

ty), deeming themselves aggrieved by the order, appeal to this court.

The appellee, Frank E. Paulus, was injured in an automobile collision while on the business of his employer Browning. With the full cooperation of Browning and Liberty, Paulus filed a complaint in the United States District Court for the Eastern District of Illinois, in which he sought recovery for damages he had sustained and would sustain in the future. The case was amicably settled, and a judgment was entered in favor of Paulus and Liberty for the sum of $40,050. The parties could not agree on the division of the recovery and an application for adjustment of claim was filed by Paulus with the Workmen's Compensation Board attempting to have it resolve the dispute. A stipulation of fact which was filed with the Board has been attacked by the appellants as erroneous.

After much legal skirmishing, on May 19, 1975, the Board overruled claimant's motion to submit the cause for determination on the stipulation and record, without the taking of proof, and sustained Liberty's motion to dismiss. On June 9, 1975, claimant's petition for reconsideration was overruled; however, on June 16, 1975, the Board, on its own motion, ordered claimant's motion to reconsider, which it had previously overruled, referred to a Board member for study. On June 23, 1975, the Board filed an opinion and order in which it acknowledged error in dismissing Paulus' claim and expressed regret at having lost jurisdiction to correct its error (KRS 342.281), and it suggested that the cause should be appealed to the circuit court " * * * where it should be reversed, and we will try to correct these errors, be fair with both parties, and get the case disposed of properly when and if we get it back." Claimant's appeal to the Mason Circuit Court was filed on June 25, 1975. In due time and after a heated contest, the judge entered an order wherein the cause was " * * * remanded to the Board for further proceedings including but not limited to the extent and duration of Petitioner's disability, if any, the total disability benefits to which Peti-

tioner is entitled, if any, and the credits against such disability benefits to which Respondents would be entitled, if any. * * *." Hence, this appeal. Appellants raise the same questions which were argued by them in the Mason Circuit Court.

Appellants present and skillfully argue what they conceive to be the proper method to be used in the distribution of the $40,050. The circuit court did not attempt to determine this issue; instead it remanded the cause to the Board so that the facts on which a proper division of the money could be made could be developed. KRS 342.-285(4) authorizes this procedure. In the subject action the Board refused to permit the introduction of evidence on issues that had been raised.

In *Searcy v. Three Point Coal Co.,* 280 Ky. 683, 134 S.W.2d 228 (1939), it was held that where the Board arbitrarily refused to permit evidence to be introduced, the circuit court may remand the case to the Board for the taking of evidence. Furthermore, it is apparent from the record that the facts have not been fully developed so as to adequately present the issues which have been raised. This has been appellants' contention from the time of the original filing of the petition for adjustment of claim on August 1, 1973. In *Broadway & Fourth Avenue Realty Company v. Metcalfe,* 230 Ky. 800, 20 S.W.2d 988 (1929), the court held that a cause could be remanded to the Board by the circuit court for further proof if the facts are not fully developed.

■ In the case at bar, the circuit judge was fully justified in remanding the case to the Board for the taking of proof and in not disposing of the issue until the facts were fully explored by the Board, nor will this court do so.

■ Further, appellants contend that the appeal from the Board to the circuit court was fatally defective in two respects. In the first instance it is charged that the "petition on appeal" failed to contain any allegation with respect to venue. Actually, venue is in the Mason Circuit Court and is not challenged. The challenge is that the petition on appeal does not contain any

allegation with respect to venue. This matter was brought to the trial court's attention in appellants' motion to dismiss. CR 12.02. The Kentucky Rules of Civil Procedure provide that a party may amend his pleading once as a matter of course and any time before a responsive pleading is served. CR 15.01. An amended petition on appeal was filed before any pleading was filed by appellants. As a matter of fact, it was filed even before the court passed on appellants' motion to dismiss. Assuming for the sake of argument that appellants' contention is correct, the deficiency, if any, was remedied by the timely amendment.

Secondly, appellants argue that service of summons was not timely had on Liberty or on the Board. CR 3 provides:

"A civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

This means that the summons must be issued with a good faith intention that it be served presently or in due course. The record discloses that the petition on appeal was filed on June 25, 1975. On the same day summonses were issued by the clerk of the Mason Circuit Court for Browning, Liberty, and the Workmen's Compensation Board. Service was had on Browning on June 25, 1975, on Liberty on July 3, 1975, and on the Board on July 14, 1975. This contention of the appellants is not borne out by the record.

Appellants' motion to dismiss the appeal to the circuit court because allegedly it was not timely perfected is without merit, and was so held by the trial court.

Although appellee Paulus did not file a cross-appeal his counsel contends that the order of the circuit court remanding the cause to the Board is not an appealable order. The entry of this order by the circuit court was at the behest of Paulus. It has long been settled in this jurisdiction that a judgment of the circuit court setting aside an order of the Board and remanding the cause for a different disposition on the merits is appealable. *Searcy v. Three Point Coal Co.,* supra; *Brown Hotel v. Napier,*

Ky., 365 S.W.2d 311 (1962); *Davis v. Baker,* Ky., 530 S.W.2d 370 (1975).

The judgment is affirmed.

All concur.