ASSOCIATED PALLET, INC., Watson Livestock Trucking Company, and James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, Appellants,

v.

Martin D. KOON and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 31, 1979.

Discretionary Review Denied
March 4, 1980.

Ronald M. Sullivan, Sandidge, Holbrook & Craig, P.S.C., Owensboro, for appellant, Associated Pallet, Inc.

Marvin P. Nunley, Bartlett, McCarroll & Nunley, Owensboro, for appellant, Watson Livestock Trucking Co.

Denis S. Kline, Asst. Counsel, Dept. of Labor, Louisville, for appellant, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund.

Nathan B. Cooper, Cooper, Flaherty, Bamberger & Abshier, Owensboro, for appellee, Martin D. Koon.

Before WHITE, GUDGEL and WILHOIT, JJ.

WHITE, Judge.

This is a workmen's compensation case wherein the employer appeals from a Muhlenberg Circuit Court judgment remanding the case to the Workmen's Compensation Board to consider what effect, if any, new facts arising after the Board's order and before the appeal to the circuit court would have on the claimant's (appellee's) petition to reopen. We affirm.

On September 15, 1975, the Board approved a settlement for income benefits based on a 26% permanent partial disability for work-related injuries sustained by claimant on September 3, 1973 and October 14, 1973. On November 4, 1977, claimant moved to reopen the settlement, pursuant to KRS 342.125, on the ground that his physical condition had deteriorated since the date of the settlement. The Board denied the motion. Claimant's petition for reconsideration was also overruled.

Claimant then appealed to the Muhlenberg Circuit Court. Pending that appeal, claimant underwent surgery to his back. On the basis of this fact and the treating physician's opinion and prognosis concerning the surgery, claimant moved the court, pursuant to KRS 342.285(4), to remand the case to the Board for reconsideration. The motion was granted. This appeal ensues.

Appellant contends the circuit court erred by considering new or additional evidence, which is prohibited by KRS 342.285(3). However, the court did not pass on or decide the case on this evidence; it merely remanded the case to the Board to consider whether this evidence might affect its previous order. KRS 342.285(4) provides: " . . . The court may, before judgment and upon a sufficient showing of fact, remand the cause to the board." It is quite obvious that the circuit court, upon appeal, cannot consider any new evidence affecting the merits of the case. However, unless the court, in its discretion, is permitted to remand the case under the situation here presented for further consideration by the Board, the precise provision of KRS 342.285(4) would be rendered a nullity.

Although we could find no cases where new evidence or a change of facts occurred pending an appeal, there are precedents sanctioning remand by a circuit court for a fuller adjudication of facts by the Board. In *Browning Manufacturing Division v. Paulus,* Ky., 539 S.W.2d 296, 297 (1976), the Court noted that KRS 342.285(4) authorizes a circuit court, prior to any judgment, to remand a case to the Board for its proper disposition. The Court cited *Broadway & Fourth Avenue Realty Co. v. Metcalfe,* 230 Ky. 800, 20 S.W.2d 988 (1929), as approving this procedure. In *Metcalfe, supra,* 20 S.W.2d at 989, the Court stated:

No new or additional evidence may be introduced into the circuit court, and if the board could not be authorized to amplify its finding or permitted to hear additional evidence, great injustice might be inflicted. But the further provision of the statute removes the question from the domain of doubt. It expressly invests the court with a discretion to remand the case to the board for further proceedings in conformity to the judgment of the court.

In the present fact situation, the claimant is prohibited from filing a new motion to reopen with the Board while his appeal is pending. Yet additional facts arose while the appeal was pending which very well may affect the Board's decision concerning the motion. We think the circuit court followed the most logical and expeditious procedure in this instance; it declined to consider the new evidence on the merits and remanded the case back to the Board for such final resolution.

The judgment is affirmed.

All concur.