## Lena Rue Coal Company v. Brewer.

(Decided March 2, 1926.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Time for Appeal from Award by Workmen's Compensation Board Runs from Time of Award by Full Board (Ky. Stats., Sections 4933, 4935).—Under Ky. Stats., sections 4933-4935, time for appeal from award by Workmen's Compensation Board runs from entry of award by full board, and, where full board acts originally, time for bringing action in circuit court cannot be extended by filing application before board for review of its decision.

2. Appeal and Error—Where Record Presents Only Question of Law, Motion for New Trial in Circuit Court is Not Necessary (Ky. Stats., Sections 4933-4935).—In action in circuit court to set aside award of Workmen's Compensation Board and for allowance of full compensation for death, where allegations of petition showed that it was not filed in time required by Ky. Stats., sections 4933-4935, only question of law was presented by record, and no motion for new trial was necessary.

HALL, LEE & SNYDER for appellant.

RADER & HOWARD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Andrew Brewer was employed by the Lena Rue Coal Company as a miner and was killed on April 12, 1923, in the mine. His father and mother filed a claim before the Workmen's Compensation Board as his dependents. Testimony was taken before a member of the board on December 6, 1923, and on February 29, 1924, an award of the whole board was entered adjudging that the claimants were dependents of Andrew Brewer to the extent of 50% and allowing them $6.00 a week for 335 weeks. The claimants within seven days thereafter filed a motion for review and on March 4, 1924, the board having considered same, sustained the motion, and having reviewed the record determined "that the order heretofore entered shall be and is hereby affirmed." On March 21, 1924, the claimants filed their petition in the Harlan circuit court setting out the above facts and praying that the award of the board be set aside and that they be allowed full compensation for the death of

their son. The record was made up and on final hearing the court entered judgment as prayed in the petition. The coal tompany appeals.

It will be observed that the award of the board was made on February 29, and that the petition was filed in the Harlan circuit court on March 21st or more than twenty days after the award was made by the board. But it will also be observed that within seven days after the award was made the claimants filed a motion for a review on which the board declined to disturb its former finding, and that the petition was filed in the circuit court within twenty days after this order of the board was made. The question presented for decision is, was the action filed in time? Sections 4933, 4934 and 4935, Ky. Stats., provide as follows:

"The board, or any of its members, shall hear the parties at issue and their representatives and witnesses and shall determine the dispute in a summary manner. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent to the parties in dispute. . . ."

"If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall review the evidence or, if deemed advisable, as soon as practicable, hear the parties at issue, their representatives and witnesses, and shall make an award and file the same in like manner as specified in the foregoing section. . . ."

"An award or order of the board as provided in section 4933, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in section 4934, shall be conclusive and binding as to all questions of fact, but either party, within twenty days after the rendition of such final order or award of the board, may by petition appeal to the circuit court that would have jurisdiction to try an action for damages for said injuries if this act had not passed, for the review of such order or award, the board and the adverse party being made respondents. . . ."

Construing these sections in Carr's Fork Coal Co. v. Scott, 204 Ky. 657, this court said:

"Section 50 of the act (Kentucky Statutes, section 4933) provides in substance that the board or any of its members may make an award; while section 51 (Kentucky Statutes, 4934) provides that where an award is made by less than a full board either party may demand a full board award by filing an application for a review within seven days from the date of an award made by less than a full board. It follows, therefore, that a full board award becomes final immediately upon its entry, while an award by less than a full board becomes final in the absence of a petition for a review by the full board after the lapse of seven days. Junior Oil Company, et al. v. J. R. Byrd, 204 Ky. 375. Section 52 of the act (Kentucky Statutes, section 4935) provides that an appeal may be taken from an award under either section 50 or 51 of the act, but specifically states that such appeal shall be filed within twenty days after the rendition of the final order or award. . . .

"Appellant filed its petition for an appeal, as shown by the record, on February 19, 1923, which, of course, was more than twenty days after November 21, 1922, the date on which the award of the board became final; and it therefore follows that appellant's claim was barred by limitation under section 4935, Kentucky Statutes."

We adhere to this construction of the statute. The twenty days run in all cases from the time there is entered an award by the full board. If the award is made by only one member of the board and an application is made for a review before the full board within seven days then the twenty days are counted from the final action of the full board. But where the full board acts originally, the time for bringing an action in the circuit court cannot be extended by filing an application before the board for a review of its decision. The purpose of the statute is to secure a speedy settlement of these matters. Either party may file an application for a review, and if such practice was allowed it might greatly delay the settlement of the case. We therefore conclude that the action was not brought in time and that the circuit court was without jurisdiction. Turner v. Farmers' Bank, 148 Ky. 692.

Appellant did not file a motion for a new trial in the circuit court within three days after the judgment was rendered. But all the facts were set out in the petition, and under the allegations of the petition it was not filed in time. Only a question of law was presented by the record and no motion for a new trial was necessary.

Reviewing the prior decisions on the subject and referring to the cases relied on as establishing a different rule, this court, in Cincinnati, &c., R. Co. v. Hansford, 125 Ky. 37, thus stated the rule as to the necessity of a motion for new trial in cases tried on the law facts by the circuit court:

"In these cases language is used to the effect that, in the absence of a motion for new trial, the only question presented is whether the pleadings warrant the judgment. But the rule is not so narrowed in the cases cited as authority therein, and there was in each of them evidence to sustain the judgment. If there is nothing in the record to sustain the judgment, then, on the face of the record, the judgment is unwarranted, and should not be permitted to stand, although there is no motion for new trial."

That case followed Helm v. Coffey, 80 Ky. 176, Henderson v. Dupree, 82 Ky. 678, Com. v. King, 86 Ky. 436; Owensboro v. Weir, 95 Ky. 166; Albin Co. v. Ellinger, 103 Ky. 240. It has since been followed in National Council v. Polsgrove, 192 Ky. 495; Whitmer v. Cardwell, 194 Ky. 351.

Judgment reversed and cause remanded, with directions to dismiss the petition.