## American Bituminous Coal Company et al. v. Ponder.

(Decided March 12, 1929.)

(As Modified, on Denial of Rehearing, April 23, 1929.)

V. C. McDONALD for appellant.

W. O. B. LIPPS for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

The American Bituminous Coal Company owns and operates a number of coal mines in Clay county, under the Workmen's Compensation Act. William Ponder received injuries in the Sunshine mine about the last of April, 1926. On August 26, 1926, he and appellant entered into an agreement on form 9, furnished by the compensation board, as to payment for compensation for his injuries. Under this agreement he received from the appellant in monthly installments $140.40, the last payment being made on November 21, 1926. No other payments having been made, he filed his application before the compensation board for adjustment of his rights. The proof was heard before R. T. Kinnard, one of the board, beginning March 12, 1927. When Ponder had concluded his proof, the company offered no evidence, and on August 16 Ponder's attorney received from the board an order, signed by no one, in these words:

"The claimant files application for adjustment of his claim, alleging that he sustained an accident arising out of and in course of his employment with the defendant company, and the case was heard by the board to determine all the facts.

"This record shows conclusively that the claimant had not worked for the defendant company, but was working for an independent contractor at the time of the accident complained of in the application. Having reached this conclusion, the application herein must be dismissed.

"The application filed herein by this plaintiff, William Ponder, against the American Bituminuos Coal Company, must be and is hereby dismissed."

Ponder filed an application for a full board hearing on August 19, and on September 6 the full board entered this order:

"The plaintiff herein having filed motion for full board review of the award heretofore entered herein, and the board, having considered said motion, sustains the same and, having the record, is of the opinion that the award heretofore entered should be and it is hereby sustained."

On September 13, Ponder brought this action in the circuit court to review the action of the board. The board filed its answer to the petition, making two questions: (1) The action was not brought within 20 days the action of the board. (2) Ponder was not working for appellant, but for an independent contractor. The circuit court heard the case on the record, and entered judgment in favor of Ponder, as prayed in the petition. The coal company appeals.

1. By section 4933, Kentucky Statutes, the board or any of its members shall hear the parties at issue and determine the dispute in a summary manner; by section 4934, if an application for a review is made to the board within seven days, if the first hearing was not held before the full board, the full board shall hear the parties at issue; and by section 4935 either party may, within 20 days after such final order of the board, appeal to the circuit court. In Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S. W. 1097, it was held that, where the full board acts originally, the time for bringing an action in the circuit court cannot be extended by filing an application before the board for a review of its decision.

So the first question in the case is: Did the full board act originally in this case? The order of the board, entered on August 16, does not show on its face that it was a full board order. There is no evidence in the record that it was a full board order. The order entered on September 6 indicates that the first order was not a full board order, because this order of September 6 recites that the plaintiff has filed a motion for a full board review, and that the motion was sustained and a full board review was granted. The natural inference from the language of this order is that the first order of August 16 was not a full board order. The record should show that it is a full board order, when such is the fact. The claimants should not be left in doubt on this subject. The proof in this case had been heard before one member of the board and the parties naturally understood that the order of August 16 was made by the member who had heard the evidence. The circuit court properly held that the two orders should be read together, and that these orders, so read, showed that the first order was not a full board order.

2. The proof shows that Ponder was injured in the course of his employment while loading coal for appellant. His injury was reported by its bookkeeper to the

Workmen's Compensation Board; the report being signed by its bookkeeper, and being made out on blanks furnished by the Workmen's Compensation Board. It also shows that under this report he was paid the $140.40 above stated. The Workmen's Compensation Board approved the agreement reached between the parties. The proof shows that the appellant owned the mine where the plaintiff was at work; also the mining operation and equipment. One Mat Wilburn had some sort of parol agreement with the Gregory Branch Coal Company, by which he had been loading coal at this mine at so much a ton, and appellant then bought the mine from it, but permitted Wilburn to continue loading coal from the same mine without any new contract with him. After appellant bought the mine, the persons working in the mine, including Ponder, signed the compensation register of the appellant at the request of its superintendent and continued to work there. He was paid for his labor by checks issued by the appellant's bookkeeper. Appellant had control of the mining property, but Wilburn was getting so much per ton for loading the coal in railroad cars. The men working in this mine were insured by the appellant. All the books were kept by it, and all the persons working for Mat Wilburn were paid by it.

When the plaintiff was injured, he was treated by the appellant's physician, and the doctor's services were charged to it; the wages of the persons working in this mine were cut through the defendant's office to pay the doctor's bills of the persons working in the mine. The insurance carrier carried the insurance upon this basis, and for some time paid Ponder his compensation. Wilburn simply worked there as he had before, without any contract with the appellant after it purchased the property. It was furnishing the ties, props, rails, nails, tools, and teams used in the mine. It kept the books and made out the reports, and had the men working there insured. Appellant's mining foreman testified that he employed the persons to work in this mine for it, including Ponder, and that he had Ponder and the other men to sign a book belonging to it, called the "Workmen's Compensation Register." The defendant's mine superintendent testified that he could not find Ponder's name on the register, but he did not produce the register, and in fact he may not have looked at the book that Ponder signed. So this was no evidence that Ponder did not sign the register, as was shown by at least five or six witnesses. On the whole

record, it is absolutely clear from the subsequent conduct of both the parties that both of them recognized that Ponder was working under the Workmen's Compensation Act, and that Wilburn was simply loading coal for the company and, instead of being paid by the day, was paid by the amount of coal he loaded. He was not an independent contractor. He was simply a servant of appellant, working for it without any definite contract, except such as was implied from the course of dealing between them. Harlan Gas Coal Co. v. Barnett, 203 Ky. 158, 261 S. W. 1113.

While the board's findings of facts will not be disturbed, if they rest on competent and relevant evidence, such findings must rest on evidence of substantial value, carrying the quality of proof. Smith Coal Co. v. Hawkins 222 Ky. 284, 300 S. W. 609; Moore v. Louisville Hydroelectric Co., 223 Ky. 710, 4 S. W. (2d) 701. Whether Wilburn was an independent contractor under the facts shown was a question of law. The statement of a witness that he did not find Ponder's name on the register proved nothing. The book he examined was in no way identified as the book which the proof showed that Ponder had signed. While the direct testimony of this witness, taken alone, would show that Wilburn was an independent contractor and employed Ponder, his testimony, taken as a whole, does not sustain this conclusion, and is not inconsistent with the other testimony in the case, showing clearly the real facts.

Judgment affirmed.