# Louisville Gas & Electric Company, Incorporated, et al. v. Duncan et al.

(Decided October 15, 1929.)

KIRK & BARTLETT for appellant.

BARNES & SMITH, JOHN T. RONE and E. S. HOWARD for appellee.

614

Edgar Duncan, an employee of the Kentucky Coke Company, was killed or died in one of the company's mines on March 28, 1928. Claim was made by the dependents for compensation, and the application filed with the workmen's compensation board. One of the referees heard the proof on July 12, 1928. The workmen's compensation board dismissed the application on January 15, 1929. This order does not show, on its face, whether it was a full board order, or made by a less number of members than the full board. Under the authority of the opinion in American Bituminous Coal Co. et al. v. Ponder, 228 Ky. 776, 15 S. W. (2d) 507, it must be treated as an order not by the full board. The records in the office of the workmen's compensation board and the orders and awards made by it should show, on their face, whether the order, or award, was made by the full board, or by some member or members of the board. As a matter of fact, the application in this case was considered, so it is made to appear, by two members of the board. Two members of the board do not constitute a full board, when there is no vacancy.

The first question presented is whether the circuit court had jurisdiction of the petition for review. Appellants insist that the petition for review was filed more than 20 days after the final order of the full board. Section 4933, Ky. Stats., authorizes the board, or any of its members, to hear the parties at issue and determine the dispute in a summary manner. The next succeeding section provides for an application for a review by the full board within seven days, if the first hearing was not held before the full board. The next succeeding section allows either party 20 days after such final order of the board to file a petition for review in the circuit court.

After the order dismissing the application on January 15th, and within seven days thereafter, the appellees filed an application for a review by the full board, and at the same time filed a motion asking that permission be granted to take additional proof. Thereafter the board refused to allow the taking of additional evidence, and ratified the order entered on the 15th day of January. This last order appears to have been made by the board on February 13th. It was the final order. The petition for a review was filed in the circuit court within

20 days after the order was entered, and this gave the circuit court jurisdiction. It was held in the case of Lena Rue Coal Co. v. Brewer, 213 Ky. 327, 280 S. W. 1097, that the time for filing a petition for review in the circuit court may not be extended by filing an application before the board for a review of its decision. That is true, but the decision referred to is the final order, or award, of the full board.

The circuit court, upon a consideration of the facts as disclosed by the hearing before the workmen's compensation board, determined that appellees were entitled to compensation, and entered a judgment accordingly, directing that the judgment should be certified to the workmen's compensation board. Complaint is made about this. It is first insisted that the circuit court may not make a finding of facts. It is true that it may not, but it may consider the facts for the purpose of determining whether the board's finding of fact is supported by some substantial evidence. The board found that Duncan did not come to his death as the result of coming in contact with electricity used in the mine. The circuit court had authority to determine whether there was any evidence on which the board could base such a finding. The circuit court did not depart from the principles announced in South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493, in so holding. There are a number of other cases to the effect that the circuit court may not make a finding of facts, further than to determine whether there were any facts or circumstances otherwise supporting the findings of the board. In this case the circuit court reached the conclusion that the facts before the board did not show that the death of Duncan resulted from some cause other than electrocution. If, in truth, the facts show that the death of Duncan was caused by electrocution, and there is no competent, or relevant, evidence showing that it was not so caused, the board made a finding not authorized by the evidence, and in such cases the circuit court has jurisdiction to determine whether the board's findings were without relevant and competent evidence to sustain them.

Duncan was a coal miner. He had not suffered with heart trouble in the past, to the knowledge of any witness who testified about the matter. The motor running on the tracks in the mine was supplied with electricity

through a fuse plug attached to the motor. The electricity came from wires carrying 250 volts. Duncan sat down on the motor and leaned back against the fuse plug. He cried out, and his companion immediately asked him if he had been shocked. He did not answer, and when his companion took hold of him he was dead. There was a small discoloration on his back, another on the inside of one of his legs, and a small place about his forehead, where the skin was abraded. The evidence establishes that 250 volts is enough to kill a man; that a mule on one occasion ran against these wires, and was electrocuted; that others had received shocks; that the clothing of Duncan was wet with perspiration; that the insulation had come off of the fuse plug a day or two before the accident; that when the current was grounded a shock was felt by others who had used the motor. It seems to the court that the evidence was overwhelming that Duncan came to his death by electrocution, but that is not the question, as the circuit court had no authority to set aside the order of the board, if there was any evidence to support it. The superintendent of the mine testified, and admitted that he knew little about electricity; but about an hour after the death of Duncan he had another man sit in the motor and lean back against the spark plug, while he turned on the current. No harm resulted. He stated that the motor was in the same condition that it was when Duncan died, but he does not state whether the man upon whom he made the test was damp, or whether the current was grounded. He also stated that he had never heard of the electrocution of any man while using a motor. Neither of these statements of his constituted competent, or relevant, evidence tending to show that Duncan was not electrocuted.

The death certificate was offered in evidence, and it shows that Duncan came to his death by electrocution. It was prima facie evidence that he so came to his death. Ky. Stats., sec. 2062a21; L. & N. R. R. Co. v. Rowland's Adm'r, 215 Ky. 664, 286 S. W. 929. That Duncan came to his death by electrocution was established by the introduction of the death certificate, as well as evidence by witnesses. As there was no evidence to the contrary, the circuit court properly declared that the evidence authorized an award in favor of appellees.

It is said by counsel for appellants that the circuit court reached the conclusion that death was caused by electrocution only through guesses and surmises. They overlooked the death certificate, and apparently they overlooked a well-known fact that electricity is a highly dangerous instrumentality, not well understood, and that death may be caused by it when it is well-nigh impossible to explain just how it came about.

One other point is made, and that is that the circuit court was without authority to make an award and enter a judgment directing the board to carry it out. Appellants rely on the case of South Mountain Coal Co. v. Haddix, supra. It is true, in that case, that the proceedings were referred to the board, with directions to rehear the application. The court gave no reasons for the direction to remand the case to the board. But in the case of Black Mountain Corporation v. Humphrey, 211 Ky. 533, 277 S. W. 833, the exact question presented here was considered by the court. It was there held that the provisions of section 4935, Ky. Stats., gave the circuit court a discretion to modify the order of the board, or to remand the case to the board for further proceedings in conformity with the direction of the court. As was there stated, the purpose of the statute is to secure a prompt settlement of these claims. If there are any further questions of fact to be considered, the matter should be remanded to the board; but where there is nothing further that the board may do, except to enter an award in accordance with the directions of the circuit court, it would be a loss of time to remand it to the board for further hearing. In this case the board had all of the facts before it. It even refused to allow the applicants to introduce additional proof. The circuit court had everything before it, and had the sole question of whether there was any evidence to support the finding of the board. The circuit court did that which the board should have done, and directed the judgment to be certified to the board. See Broadway & Fourth Avenue Realty Co. v. Metcalfe (Ky.) 20 S. W. (2d) — decided October 8, 1929. The board, of course, will accept and follow the judgment. It would be a vain thing in a case such as this to require the board to enter an order making an award, or again put in force the machinery necessary to reach such a conclusion, when the matter has already been determined by the cir-

618

cuit court. Everything is concluded, except the carrying out of the judgment of the circuit court, unless there should be such reason for making a change in the judgment as the law requires.

Judgment affirmed.