## NALLY, BALLARD & SALTSMAN v. RICHARDS et al.

Court of Appeals of Kentucky.

May 9, 1952.

Howard VanAntwerp, Jr., Davis M. Howerton, Ashland, for appellants.

Simeon S. Willis, Ashland, Otto C. Martin, Hartford, for appellees.

LATIMER, Justice.

This appeal is from a judgment upholding an award of the Workmen's Compensation Board in favor of appellees, the widow and only child of Dallas M. Richards, deceased.

Dallas M. Richards at the time of his death was 25 years of age. For about a year prior to his death he had been employed by and was working for appellant, engaged in road construction work. Appellant was rebuilding and constructing a portion of State Highway No. 23 running through Russell, Greenup County. At the time of his death, Richards was assisting in laying concrete sewer pipe alongside the highway through Russell. These concrete sewer pipes had been placed alongside the street and a crane was used in lifting same from one side of the street to the other side to be placed in ditch. This crane had attached to it a boom approximately 35 feet long with a steel wire cable hanging down to the ground on which were hooks. It appears that Richards' job was to place

these hooks in the concrete sewer pipe, and when the crane had swung the pipe across the street, to cross the street and release the hooks from the pipe placed in the ditch. The Kentucky and West Virginia Power Company maintained 6900 voltage electric wires alongside the highway where appellant and its employees were engaged in work.

It appears that when the crane would swing the boom with the wire cable attached, the boom would be above these electric wires and the wire cable would swing down past the electric wires, and according to the evidence at times very close to these high voltage wires.

Immediately before the death of Richards he had connected the hooks in the sewer pipe and the crane operator then lifted the pipe and swung it to the other side of the street on which the electric wires were situated. Richards then crossed the street to the ditch, took hold of the wire cable with one hand and was attempting to release the hooks with the other when he suddenly fell forward on his face. The crane operator saw him fall and immediately notified the other employees who rushed to where Richards was lying on the ground. He gasped a few times and died.

Dr. H. H. Holbrook, Coroner of Greenup County, who was a regularly licensed and practicing physician, in response to a call came immediately but when he arrived Richards was dead. An inquest was held and a death certificate was issued in which electrocution was given as the cause of Richards' death. The gloves that Richards was wearing on that morning have never been found, but the testimony shows that there were marks or burned places on Richards' forehead and between the thumb and forefinger on his left hand. The only issue is whether the findings of fact of the Compensation Board are supported by competent evidence of probative value.

We have before us voluminous briefs covering a variety of questions, all, however, bearing upon the one question as to whether or not there is substantial, competent and relevant evidence of probative nature sufficient to support the findings of the Board. To elaborate on each proposition would necessitate an entirely too lengthy opinion. Consequently we shall consider the questions more or less together.

Appellant contends that the Board erred by placing the burden on appellant to show cause of Richards' death. This position is apparently premised on the belief that there was no competent evidence introduced by appellees to show cause of death. It is insisted that the introduction of the death certificate was incompetent, aside from which there was no evidence of substance as to the cause of death. Obviously, appellant has overlooked a number of cases wherein it has been held that an attested copy of death certificate may be introduced in evidence to show cause of death and is prima facie evidence of that fact. Louisville Gas & Electric Co. v. Duncan, 235 Ky. 613, 31 S.W.2d 915; Fidelity Mut. Life Ins. Co. v. Hembree, 240 Ky. 97, 41 S.W.2d 649; Kentucky Home Mut. Life Ins. Co. v. Watts, 298 Ky. 471, 183 S.W.2d 499; Marion v. Frank R. Messers & Sons, 306 Ky. 743, 209 S.W.2d 321.

In addition to the death certificate, we have other evidence, namely, the statement of the crane operator which in substance was that he saw a flash as though the cable and wires had come in contact at the time Richards fell forward. This statement, however, was repudiated later. There was also some evidence of burns on the forehead and hand of Richards. Appellant introduced some persuasive evidence contradicting the possibility that Richards was electrocuted. Had the Board decided that death resulted from other cause than electrocution, we would feel impelled to follow that finding as being supported by competent substantial evidence.

Complaint is made that the Board permitted some evidence to be introduced in rebuttal when it should have been introduced in chief. There may be some little merit in appellant's position here, but we call attention to the fact that rebuttal evidence may not be limited entirely to disprove facts testified to by witnesses for the opposing side but may be such as tends to counteract or overcome the legal effect of

the evidence of the adverse party. Jonas v. South Covington & C. St. Ry. Co., 169 Ky. 807, 185 S.W. 117.

Then, we are not unmindful of the rule of liberality that prevails relative to the Board's hearings in administering the act. Black Mountain Corporation v. Williams, 301 Ky. 784, 193 S.W.2d 416.

Aside from the fragments of evidence that are complained of as being incompetent as indicated above, we have no hesitancy in saying that the findings of fact of the Board are supported by competent evidence of probative value.

The judgment is affirmed.