## C. Lee Cook Mfg. Co. v. Hodges et al.

November 29, 1946.

As Modified on Denial of Rehearing

February 11, 1947.

Eugene Hubbard, Judge.

10

Davis, Boehl, Viser & Marcus for appellant.

Guy C. Shearer and Robert B. Hardison for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This appeal is prosecuted from a judgment of the Jefferson Circuit Court wherein it dismissed the petition of appellant, C. Lee Cook Manufacturing Company, asking a review of an award made against it by the Workmen's Compensation Board, hereinafter referred to as the Board, in which appellee, Billy W. Hodges, was allowed $15 per week for not to exceed ten years as compensation for total permanent disability. Appellant seeks a reversal of the judgment on two grounds: (a) Appellee's injury was the result of his own willful misconduct, therefore he is not entitled to compensation under KRS 342.015(3); and (b) if the injury is compensable, the award should have been for the loss of a leg under KRS 342.100, plus the period of temporary total disability, instead of for total permanent disability.

Appellee, Hodges, at the time of his injury, was 17 years of age and was engaged in cleaning and washing pistons used on submarines. These pistons were heavy pieces of metal which were brought to the work bench in appellant's factory on hand trucks. They were lifted from the trucks onto the work bench, where compressed air was turned on them, after which they were rubbed with cloths saturated with gasoline. There was an open-

top gasoline can of five gallon capacity located on the floor two or three feet from the work bench.

Three other employees, Charles Singer, Carl Ovatt and William Bradley were working at the same bench with appellee, Hodges. On the night of September 29, 1943, the gasoline in the can became ignited. Hodges attempted to extinguish it, his clothing caught fire and his legs, hips and hands were severely burned. As a result of his injuries, Hodges was hospitalized for more than seven months and his right leg had to be amputated eight inches below the hip on March 8, 1945. At the time Hodges testified in rebuttal on March 20, 1945, he stated he had recovered from his injuries with the exception of his right leg, although he said his left leg was not as strong and active as it was before it was burned.

When a hearing was had before a referee of the Board, Bradley was in the navy and at sea and could not testify; but although Singer and Ovatt were in the armed forces, they were still in this country and their depositions were taken. Both testified that Hodges said that an open can of gasoline would not burn or explode if a lighted match were applied, while they contended it would and advised him not to try it; thereupon Hodges deliberately lighted a match, threw it into the gasoline can in which they had been dipping their cloths in cleaning the pistons. The gasoline blazed up and in an attempt to extinguish the fire Hodges clothes became ignited and he was badly burned. Hodges denies having any such conversation with Singer and Ovatt or that he struck a match and threw it into the open gasoline can. He intimates that the gasoline became ignited by a spark from an emery wheel or a spark caused by two of the heavy pistons striking together while they were being moved.

The referee in his opinion wrote: "The crux of the issue is, who is telling the truth," and he found against Hodges. On a review by the full Board the evidence was analyzed and it found that Hodges did not willfully set fire to the gasoline, and it awarded him total permanent disability. Appellant argues that there is no evidence of a substantial nature upon which the Board could base its finding that Hodges did not willfully light the gasoline,

citing American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S. W. 2d 187, 190. It was written in the Pack case that substantial evidence sufficient to sustain a finding of the Board "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * * * and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

With Hodges testifying that he never had a conversation with Singer and Ovatt about whether or not gasoline in an open can would burn and that he never applied a match to it, while they testified to such a conversation and said Hodges did apply a match to the gasoline, no court would be justified in directing a verdict had this been a common law trial.

It is elementary in compensation cases that in the absence of fraud or mistake a finding of fact by the Board is conclusive and will not be disturbed by the courts, if supported by any competent evidence of probative value. Indeed, KRS 342.285 makes such a finding conclusive, and the cases are so numerous on this subject that instead of citing any of them we refer the reader to Key 1939, under the heading of "Workmen's Compensation" in 19 Ky. Digest. Here, there was ample evidence to support the finding of the Board that Hodges did not willfully light the gasoline.

It is contended by appellee that the only issue before the Board was whether or not his injury resulted from his own willful misconduct and that as appellant neither raised the question of the extent of his injury before the Board nor in the circuit court, it cannot raise it for the first time here. We are unable to find in the record appellee's application for compensation but appellant's answer reads: "For its special answer herein, the defendant denies the allegations in Plaintiff's application for adjustment of claim, and in bar of this action pleads that the injuries to the plaintiff were caused and brought about solely as a result of willful misconduct on his part." Appellant's petition for review filed in the circuit court follows the provisions of KRS 342.285, and we think it was sufficient to present to that court the

question of whether the evidence supports the award of total permanent disability.

It is true there was no evidence introduced by the appellee as to the extent of his disability and KRS 342.-095(3) places the burden on him to show that it was total and permanent. However, in the opinion of the full Board we find this:

"As stated all the elements of a recovery by the employee, including total and permanent disability, are conceded.

"We must conclude and find that the evidence fails to establish the defense asserted by the defendant, and we so find."

It is difficult to conceive how the Board would have written the above if there had been an issue between the parties as to the extent of appellee's disability. Be that as it may, there could have been no issue made in good faith as to the extent of appellee's disability because this record shows it was total as well as permanent. As stated near the outset of this opinion, when Hodges' clothes caught fire, he was severely burned on his legs, hips and hands. He spent seven months in a hospital and about two years after the accident it was necessary to amputate his right leg, which a photograph in the record showed to be in a horrible condition. As a result of the burns, his left leg was not strong and with his right leg off it takes but slight disability in the left one to totally disable a laborer.

Here the Board correctly allowed Hodges total permanent disability rather than to limit his award to that provided for the loss of a leg in KRS 342.105.

The judgment is affirmed.