## Rainbolt v. Transamerican Freight Lines, Inc., et al.

October 8, 1948.

Raymond C. Arny for appellant.

Doolan, Helm, Stites & Wood for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Charles Rainbolt was employed on February 27, 1946, as a truck driver by Transamerican Freight Lines, Inc., which operated a fleet of trucks between Louisville and Pittsburgh. On May 2, 1946, he left Louisville about 6:30 p. m. on his regular run to Pittsburgh. He drove the truck to Austin, Indiana, where he stopped at a restaurant for about an hour. His co-driver, John Nolan, got in the driver's seat at Austin, and Rainbolt, as he attempted to board the truck, fell and received serious injuries. In August, 1946, he brought a common law action in the Jefferson Circuit Court against Transamerican Freight Lines, Inc., in which he alleged that his injuries had been caused by his employer's negligence. He sought damages in the sum of $53,000. The action was removed to the United States District Court for the Western District of Kentucky, where a trial was had before a jury on May 27, 1947. The jury re-

turned a verdict for the defendant, and a few days later Rainbolt filed a claim for compensation with the Workmen's Compensation Board of Kentucky. The employer interposed three defenses: (1) The claimant had not elected to accept the provisions of the Workmen's Compensation Act, KRS 342.001 et seq., and was, therefore, not covered by it at the time the accident occurred; (2) his injuries were the direct result of willful misconduct and intoxication on his part; and (3) he was estopped to prosecute the proceeding under the Workmen's Compensation Act because he had elected to rely on his rights at common law, and had prosecuted a suit thereunder to judgment. The Workmen's Compensation Board sustained the employer's, first defense that the claimant had not elected to accept the provisions of the Compensation Act and was not covered thereby at the time the accident occurred. It found as a fact that he had not signed the compensation register. The Board rested its order dismissing the claim primarily on the employer's first defense, but stated incidentally that the evidence was sufficient to sustain its second defense, to wit, the claimant's injuries were the direct result of willful misconduct and intoxication on his part. Rainbolt filed a petition for review in the Jefferson Circuit Court, and, from the judgment of that court affirming the award of the Board, he appeals.

The three defenses interposed by the appellee in the proceeding before the Compensation Board have been discussed at length in the briefs, but since we have concluded that the Board properly sustained the defense that appellant had not elected to accept the provisions of the Compensation Act and was not covered by it at the time the accident occurred, it is unnecessary to consider the remaining defenses. Appellant, in his brief, takes the position that the question is one of law and not of fact, and, therefore, the rule that the court will not set aside an award by the Compensation Board where its findings of fact are supported by substantial and credible evidence does not apply. Appellant's position is untenable. The Board's ruling was based purely on its findings of fact, to wit, that appellant had not elected to accept the provisions of the Workmen's Compensation Act, and if the award is supported by evidence of relevant consequence the judgment must be affirmed.

Harvey Coal Corp. v. Pappas, 230 Ky. 108, 18 S. W. 2d 958, 73 A. L. R. 473; American Rolling Mill Co. v. Stevens, 290 Ky. 16, 160 S. W. 2d 355, 145 A. L. R. 1256; Three Point Coal Co. v. Moser, 298 Ky. 868, 184 S. W. 2d 242; C. Lee Cook Mfg. Co. v. Hodges, 304 Ky. 9, 199 S. W. 2d 635. Appellant testified that when he was employed by James P. Kelly, manager of appellee's, Louisville terminal, Kelly asked him if he wanted "all the insurance and compensation," and he answered in the affirmative. A number of papers were presented to him which he signed. He read none of them, and he does not claim that he signed the compensation register. It appears that the documents signed by him were his bond application, his withholding tax authorization, his application for group insurance, and a medical certificate. The appellee carried a group insurance policy on its employees, but the premium was paid by the employees and deducted from their wages. The insurance was optional with the employees. James P. Kelly testified that he asked appellant if he desired to become insured under the group insurance policy, but denied that he mentioned compensation or the Compensation Act. William T. Watkins, appellee's dispatcher, had entire charge of the compensation register, which was kept in his office. Appellant went to the dispatcher's office and signed a receipt for his safety equipment, but did not sign the register. A photostatic copy of the register was introduced, but appellee's name does not appear. In compliance with KRS 342.007, a notice had been posted on the bulletin board in appellee's office to the effect that appellee had accepted the provisions of the Workmen's Compensation Act. In paragraph 2 of his reply filed in the proceeding before the Board, appellant alleged that when he was employed he expressly elected to operate under the Act, and that he either actually signed the register, or was led to believe he had signed it by the appellee, and that he was so assured by the appellee's authorized employee. His proof failed to support these allegations. He relies strongly on a printed provision in the certificate issued to him under the group insurance policy, which he now claims estops the appellee from asserting that he had not signed the register and had not elected to accept the provisions of the Workmen's Compensation Act. The provision reads:

"Benefits are payable for disability resulting from illness of any nature and for accidental injuries from any cause occurring outside of your regular employment. Accidents within the plant are covered under the Workmen's Compensation Law."

The statement that "accidents within the plant are covered under the Workmen's Compensation Law" applied only, of course, where the employee had elected, in the manner prescribed by KRS 342.395, to accept the provisions of the Act. Aside from this, however, appellant admits that he did not read the certificate and did not know until more than a year after the accident occurred that it contained the provision in question. Consequently, no element of estoppel is present. In McClary v. McClary, 274 Ky. 299, 118 S. W. 2d 687, 689, the issue was whether or not the employee had elected to accept the provisions of the Workmen's Compensation Act, and the doctrine of estoppel was invoked by the claimants. After distinguishing a number of cases in which it had been held that the doctrine applied, the court said:

"A complete answer to appellants' contention in the instant case is that nothing was done by the appellees which affected the rights of the deceased employee or his dependents. Under the facts, the employee would not have been estopped to sue his employer at common law for any injuries received by him in the course of his employment, and neither he nor his dependents were deprived of that right by any act of the appellees. In order to sustain appellant's contention, it would be necessary to hold that a verbal agreement to operate under the act would constitute a compliance with its terms. The language of the act is plain and unambiguous, and requires that there must be an election on the part of the employee as to whether he will accept the provisions of the act, and if he elects to accept its provisions, the election must be in writing."

We conclude that the Compensation Board properly dismissed appellant's application, and the judgment is affirmed.