## Newport Rolling Mill Co. v. Terrell et al.

February 22, 1949.

Rehearing denied May 3, 1949.

Benton, Benton & Luedeke for appellant.

Morrison A. Fordyce for appellees.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

This is an appeal from a judgment of the Campbell circuit court, affirming an award of the Workmen's Compensation Board.

The appellee, Sanders Terrell, age 56, had been employed by the appellant for about 18 years. On June 26, 1946, he was employed in the sheet mill department handling binding rods, weighing about 100 pounds, by hand. He states that at about 6:30 p. m. "on that day '* *.* we changed that mill, that binding rod, as long as this table, about 6 feet long. I had to take it out. Took it out and carried it around. When I got ready to put it back in, there was some tallow on the floor and I had one end of that binding rod in the housing and I picked up the other end of it and slipped in that tallow and when I slipped up in that tallow my legs went out, this way and that, and when I got against the housing that is when that place tore loose on me. * * * The grease was in front of the mill. There is a place where it is hot all the time. They had some tallow in a bucket * * *. Some of it was on the floor. That is what I slipped up in." He states that there was a stepoff about 12 inches from the floor to the pit; that "when I slipped I stepped

down and when I stepped down, that is when the pain came. * * * I stepped down about 15 inches with the right foot and I put the rod down. When I straightened up, that is when it hurt," when he felt a sharp pain in his right groin. He loosened his clothing and found that he had a knot there. He showed the knot to a fellow workman.

He reported to his leader, went by the doctor's office, but the doctor was not in, reported to the nurse, went home and later went to see Dr. Clark. He states that prior to June 26, 1946, he was healthy, never had a sick day and had never been bothered with a rupture of any kind.

Dr. Clark examined him and "found he had a right, indirect inguinal hernia." He complained of pain and there was a protrusion. Dr. Clark suggested to him that he see the physician for appellant and he did. That physician declined to give him an operation. He returned to Dr. Clark who advised him that the only cure was an operation for the correction of the hernia. Dr. Clark performed the operation at the Jewish Hospital on July 23, 1946. The operation was successful, Dr. Clark kept him under his care until September 23, 1946. Dr. Clark says he "was O. K'd to return" to work "on October 1, 1946."

Dr. Clark had examined appellee before June 26, 1946. He found no hernia but did find relaxed rings.

At the hearing, counsel for appellant stated, "We have not paid anything and we deny liability in full." In their brief, counsel for appellant say, "There is but one simple issue, whether appellee on June 26, 1946, received a traumatic injury by accident, resulting in a right inguinal hernia." All other necessary facts are admitted.

For the appellee, Eddie Miller stated that on the evening of June 26, 1946, Sanders said he got hurt and was going home. Jerry Charles Whittman testified that Sanders called him to his side; that he "felt a knot in Sanders' side about the size of his thumb."

Dr. Frickman, employed as a doctor by appellant for 19 years, stated that on his first examination of

6

Sanders June 4, 1934, he had weak right and left inguinal rings; that on June 27, 1946, Sanders told him that while working at the mill, he stepped down about 12 inches and then felt a pain in his right side and discovered a lump there; that in case of hernia, if it is his opinion that the company is liable, he performs the operation; that the "company gives me the right to decide for myself;" that in his opinion Sanders' hernia developed gradually.

The testimony is conflicting as to what happened and what was said at the mill on the evening of June 26, 1946. Some of the evidence in rebuttal should have been omitted.

The Board heard all the evidence, found that on June 26, 1946, appellee "received a traumatic injury, by accident, resulting in a right inguinal hernia" and awarded him $213.12 for temporary total disability, $100 for Dr. Clark and $113.12 for the Jewish Hospital, with interest.

In a long line of cases we have held that the Workmen's Compensation Board's findings and awards, if supported by substantial, competent evidence, are conclusive. See 19 West's Kentucky Digest, Workman's Compensation, Key 1939.

We believe the testimony in the present case is sufficient to sustain the award of the Board. The judgment of the circuit court is affirmed.