# Justice v. Call Bros. Hardware Co., Inc. et al.

## May 5, 1950.

### E. D. Stephenson, Judge.

M. B. Fields for appellant.

J. Erwin Sanders for appellees.

JUDGE REES—Affirming.

Don Justice, an employee of Call Brothers Hardware Company, a corporation, was injured in an automobile accident on May 13, 1943. Both the employer and employee had accepted the provisions of the Workmen's Compensation Act, KRS 342.001 et seq. Justice, who was employed as a plumber's helper, returned to work a few weeks after the accident, and continued to work for Call Brothers Hardware Company until some time in July, 1947, at $20 a week, the same wages he received before the accident. On March 24, 1944, he filed his application for compensation with the Workmen's Compensation Board. The deposition of one witness, the driver of the automobile in which the claimant was riding when he received his injury, was taken, but no further proof was taken until 1947. The case was finally submitted, and on May 18, 1948, a referee of the Board

filed his opinion and award in which he found that Justice received an injury in an accident arising out of and in the course of his employment, and had suffered a permanent partial disability of 50% to the body as a whole. He awarded the claimant compensation at the rate of $6 a week for 335 weeks, subject to a credit of $6 a week for the number of weeks he was furnished employment after his injury and paid a weekly wage equal to or in excess of the wage he was earning at the time of his injury. The employer petitioned for a full Board review, and the Board found that claimant's injury did not arise out of and in the course of his employment and dismissed his claim. The Circuit Court affirmed the Board's award, and the claimant has appealed. Both Call Brothers Hardware Company and J. W. Call & Son Funeral Home were named defendants in appellant's application for adjustment of his claim, and both have been made appellees here.

Prior to his death in 1939, J. W. Call owned two adjoining buildings in Pikeville. One was occupied by Call Brothers Hardware Company, a corporation, in which J. W. Call owned 70% of the stock, Mrs. J. W. Call 10%, and W. P. Call, son of J. W. Call, the remainder. J. W. Call conducted an undertaking business in the other building under the style of J. W. Call & Son Funeral Home. In his will J. W. Call devised and bequeathed to his son, W. P. Call, his interest in the Hardware Company and the building occupied by it, and to his grandson, John George Call, son of W. P. Call, the undertaking business and the building occupied by it. J. W. Call maintained a joint Workmen's Compensation register for the two establishments, and after his death this register was continued until 1945. Each establishment had five or six employees, and each paid one-half of the insurance premiums. W. P. Call testified that he had no interest in and no control of the undertaking business, and that John George Call had no connection with the Hardware Company. The two concerns were separate and distinct entities, but the relationship between them was close and it was customary for the employees of the Hardware Company to assist in the undertaking establishment when called upon.

Appellant was injured while riding in an ambulance owned by the Call Funeral Home and operated by one of its employees, Henry Leedy. He claims that Mrs. J.

W. Call had authority to direct his movements for the Call Brothers Hardware Company, and that she directed him on the occasion in question to accompany Leedy on a trip to Salyersville to deliver flowers for a funeral. The evidence for the appellees shows that Mrs. J. W. Call had no authority and exercised none, while that of appellant is to the effect that she did on frequent occasions direct the movements of the employees of the Hardware Company. Mrs. J. W. Call testified positively that she did not direct appellant to accompany Leedy to Salyersville on the occasion in question, and did not know that he had gone until the ambulance had left Pikeville. Leedy's deposition was taken by appellant in October, 1944, while Leedy was a member of the armed forces. He was an employee of the Call Funeral Home at the time appellant was injured, and was directed to take some flowers to Salyersville in an ambulance. On the return trip from Salyersville to Pikeville the ambulance was wrecked and appellant was injured. They left Pikeville at 5 p.m., which was closing time at the Hardware Company store. Leedy was asked on direct examination why appellant went along, and answered: "He was just going with me, just to be with me." He was then asked these questions and made these answers:

"How come him to go? A. His boss told him he could go; I asked Granny Call.

"Q. Is she called Ollie Call? A. They call her granny, I don't know really what her name is, and I asked her if he could go with me, and she said he could."

Later this question was asked: "What did he go with you for?" and the witness answered: "Just to go with me, just to be going." It is a reasonable inference from the evidence that Leedy wanted company on the trip to Salyersville, a distance of 50 miles; that he requested appellant to go with him, and appellant went along for the ride. The flowers had been placed in the ambulance before Leedy asked appellant to accompany him, and it is improbable that appellant's employer would have sent him to Salyersville merely to help Leedy unload a few flowers.

The sole question presented to this court is whether or not there is any competent and relevant evidence of

764

probative value to sustain the finding of the Workmen's Compensation Board that appellant's injury did not result from an accident arising out of and in the course of his employment. The testimony of Mrs. J. W. Call and Henry Leedy is sufficient in this respect, and the rule that an award by the Board which is supported by evidence of substance and probative value will not be disturbed by the court of review must be applied. Newport Rolling Mill Company v. Terrell, 310 Ky. 4, 219 S. W. 2d 412; Marion v. Frank R. Messers & Sons, Inc., 306 Ky. 743, 209 S. W. 2d 321; Cook Mfg. Company v. Hodges, 304 Ky. 9, 199 S. W. 2d 635. As was said in Harbison-Walker Refractories Company v. Brown, 296 Ky. 629, 178 S. W. 2d 39, 42: "Since, however, the compensation act does not take the place of an accident policy no accident to a servant at a time and in the circumstances of this case could be said to come within the protecting privileges of the statute, not being embraced within its terms."

Judgment is affirmed.